■ CYNTHIA OLIVARIA et al., Respondents, v LIN & SON REALTY CORP., Appellant, and 922 THIRD AVENUE, LLC, et al., Defendants. [922 NYS2d 337]—

---

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 8, 2010, which denied defendant Lin & Son Realty Corp.'s motion to vacate the default judgment entered against it, unanimously reversed, on the law and the facts, without costs, and the motion granted.

Plaintiff Cynthia Olivaria was allegedly injured by carbon monoxide fumes that emanated from a portable heater at her workplace. The premises, consisting of two floors of office space, had been leased by Lin to the injured plaintiff's employer under a written instrument.

Upon bringing this negligence action, plaintiffs served Lin by delivery of copies of the summons and complaint to the Secretary of State pursuant to Business Corporation Law § 306. By order entered on February 4, 2003, Supreme Court (Janice L. Bowman, J.) granted plaintiffs' motion for a default judgment against Lin. Following an inquest, the court (Lucindo Suarez, J.) directed the Clerk to enter judgment by order dated August 11, 2009. Thereupon, the Clerk entered a money judgment in favor of plaintiffs against Lin on August 20, 2009. In November 2009, Lin moved for an order vacating the default judgment and permitting it to interpose an answer. The Supreme Court denied the motion, finding that Lin was not entitled to relief under CPLR 5015 (a) (1) because it had not made the requisite showing of a reasonable excuse for its default. The court also found that relief under CPLR 317 was unavailable because Lin's motion was untimely.

Relief under CPLR 5015 (a) (1) was properly denied. The record shows that Lin did not receive process because it failed to maintain a current address on file with the Secretary of State for 18 years (see On Assignment v Medasorb Tech., LLC, 50 AD3d 342 [2008]; Business Corporation Law § 408).

The Supreme Court should not have concluded, however, that Lin's request for relief under CPLR 317 was untimely. The statute permits a defendant who has been "served with a summons other than by personal delivery" and has not appeared to defend the action upon a finding of the court that the defendant "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317). A defendant so served may be allowed to defend the action "within one year after [such defendant] obtains knowledge of entry of the judgment, but in no event more than five years after such entry"

(*id.*).* In making a CPLR 317 motion, a defendant does not have to come forward with a reasonable excuse for its default (*see Pena v Mittleman*, 179 AD2d 607, 609 [1992]).

By regarding the February 4, 2003 order as an entered judgment, the court reached the conclusion that the statutory five-year period had expired. This was error. "A judgment is entered when, after it has been signed by the clerk, it is filed by him" (CPLR 5016 [a]). Unlike the 2003 order, the 2009 judgment was duly signed and entered by the County Clerk. Accordingly, the motion was timely because August 20, 2009 is the date of entry from which Lin's time is to be measured.

The lease between Lin and the injured plaintiff's employer provided for heating through perimeter ducts and made no mention of portable heaters. Lin's president states by affidavit that the company had no knowledge of the tenant's use of portable heaters. Thus, Lin has demonstrated, prima facie, that it has a meritorious defense to plaintiffs' claims. Moreover, it does not appear that Lin deliberately attempted to avoid notice of this action (*see e.g. Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]). In the exercise of discretion, we therefore grant Lin's motion to vacate the default judgment pursuant to CPLR 317. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ.

---

* Plaintiffs do not challenge Lin's assertion that it did not learn of this action until three months after the judgment had been entered.