■ Li Xian et al., Appellants, v Tat Lee Supplies Co., Inc., Respondent, et al., Defendants. [2 NYS3d 344]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered September 16, 2013, which, to the extent appealed from as limited by the briefs, granted defendant Tat Lee Supplies Co., Inc.'s motion to renew and, upon renewal, granted its motion to vacate the default judgment entered against it, unanimously affirmed, without costs.

The motion court properly granted defendant's motion to vacate the default judgment upon renewal. Although defendant's failure to maintain a current address with the Secretary of State is not a reasonable excuse for default warranting relief under CPLR 5015 (a) (1), defendant demonstrated grounds for relief pursuant to CPLR 317, since it was not personally served, did not receive actual notice in time to defend, and has a meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-142 [1986]; *Olivaria v Lin & Son Realty Corp.*, 84 AD3d 423, 424-425 [1st Dept 2011]).

Vacatur was also warranted pursuant to CPLR 5015 (a) (3), since the default judgment was obtained through misrepresentation or misconduct. Defendant demonstrated that plaintiffs' motion for a default judgment was granted, in part, based on plaintiffs' counsel's incorrect representation that defendant's old address was the "only known" address for service of the additional summons required by CPLR 3215 (g) (4), when,

in fact, plaintiffs' sublease provided another address for service of legal notices on defendant.

The grant of renewal and vacatur of the default judgment is consistent with the strong public policy favoring disposition of cases on their merits (*see Chelli v Kelly Group, P.C.*, 63 AD3d 632, 633 [1st Dept 2009]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.