■ RONNY MARTE, Respondent, v 102-06 43 AVENUE, LLC, Appellant, et al., Defendants. [24 NYS3d 236]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered April 4, 2014, which denied defendant 102-06 43 Avenue, LLC's (LLC) motion to vacate an order, same court and Justice, entered May 15, 2013, which had granted plaintiff's motion for a default judgment against defendants and for an award of costs, disbursements and attorneys' fees, unanimously reversed, on the law and the facts, without costs, and the LLC's motion granted. Appeal from order, same court and Justice, entered March 18, 2015, which denied the LLC's motion to renew, unanimously dismissed, without costs, as academic.

Given "the strong public policy of this State to dispose of cases on their merits," the motion court improvidently exercised its discretion in denying the LLC's motion to vacate the order entered upon its default (*Chelli v Kelly Group, P.C.*, 63 AD3d 632, 633 [1st Dept 2009]). Although the LLC is not entitled to vacatur under CPLR 5015 (a) (1), as it did not show a reasonable excuse for its default (*see Olivaria v Lin & Son Realty Corp.*, 84 AD3d 423, 424 [1st Dept 2011]), it is entitled to vacatur under CPLR 317, as it moved to vacate within a year after it learned of the default and just five months after entry of the default order, it showed that it did not personally receive the summons and complaint in time to defend it, and it presented a meritorious defense to the action (*see* CPLR 317; *Olivaria*, 84 AD3d at 424-425). The affidavit the LLC submitted in support of its motion was sufficient to show a meritorious defense (*see Peacock v Kalikow*, 239 AD2d 188, 190 [1st Dept 1997])—namely, that it is an out-of-possession landlord that bears no liability for the injuries that allegedly occurred in its tenant's bar due to the criminal acts of third parties (*see DeJesus v New York City Health & Hosps. Corp.*, 309 AD2d 729, 729 [2d Dept 2003]).

Given the foregoing determination, plaintiff is not entitled to attorneys' fees, costs and disbursements, and defendant's appeal from the denial of the motion to renew is academic (*Mejia v Ramos*, 113 AD3d 429, 430 [1st Dept 2014]). Concur—Tom, J.P., Mazzarelli, Richter and Gische, JJ.