Gomez v Karyes Realty Corp. (2022 NY Slip Op 07187)

Gomez v Karyes Realty Corp.

2022 NY Slip Op 07187

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 31662/17E Appeal No. 16939 Case No. 2021-04655 

[*1]Tomasina Gomez, Plaintiff-Respondent,
v
Karyes Realty Corp. et al., Defendants, 90 St. Andrews Realty Corp., Defendant-Appellant.

White & McSpedon, P.C., New York (Zena Goldszer of counsel), for appellant.
Rubino Law Firm, Yonkers (Jennielena Rubino of counsel), for respondent.

Order, Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered May 12, 2021, which denied defendant 90 St. Andrews Realty Corp.'s (St. Andrews) motion to vacate a default judgment against it, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff alleges that she slipped on snow and ice on the public sidewalk abutting a building in Yonkers, New York, then owned by defendant St. Andrews. Plaintiff commenced an action over two years later, serving St. Andrews through the Secretary of State, which forwarded the summons and complaint to the entity designated by St. Andrews to receive service of process, defendant DP Realty Corp. None of the parties appeared or answered, and a default judgment was entered in 2019.
After St. Andrews's principal received an information subpoena sent to his residence, St. Andrews moved to vacate the default judgment pursuant to CPLR 317 and 5015(a). In support of the motion, St. Andrews's principal demonstrated that he had received a letter notification of plaintiff's accident before commencement of the action which he forwarded to his insurance broker, but that he never received any further notice until he received the information subpoena. The principal of DP Realty also averred that he was unaware of the summons and complaint ever having been received, and therefore it would not have forwarded any papers to St. Andrews. That evidence was sufficient under CPLR 317 to establish St. Andrews's lack of personal notice of the summons in time to defend (see Li Xian v Tat Lee Supplies Co., Inc., 126 AD3d 424, 424 [1st Dept 2015]). St. Andrews also demonstrated a meritorious defense in that the Yonkers City Code "does not expressly make the landowner liable for failure to perform" the duty to clean snow and ice from the sidewalk, and an abutting landowner is not liable in the absence of such a statute for failure to clear snow, ice and dirt (Rodriguez v County of Westchester, 138 AD3d 713, 716 [2d Dept 2016]; see also Smalley v Bemben, 12 NY3d 751, 752 [2009]; Yonkers City Code § 103-8).
In opposition, plaintiff demonstrated that St. Andrews never updated its address with the Secretary of State, and thus could not show a reasonable excuse for its default under CPLR 5015(a)(1). However, no showing of a reasonable excuse is required under CPLR 317 (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]), and it cannot be inferred solely from the failure to update defendant's address with the Secretary of State that defendant was deliberately avoiding receiving notice (see Olivaria v Lin & Son Realty Corp., 84 AD3d 423 [1st Dept 2011]). In light of the strong public policy favoring resolution of cases on their merits (see Berardo v Guillet,
86 AD3d 459, 459 [1st Dept 2011]), we find that St. Andrews demonstrated entitlement to vacatur under CPLR 317.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December [*2]20, 2022