Arias v City of New York (2025 NY Slip Op 06891)

Arias v City of New York

2025 NY Slip Op 06891

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 301758/11|Appeal No. 5361|Case No. 2025-02975|

[*1]Wilmadro D. Arias, as Administrator of the Estate of Oneido Arias, Plaintiff-Appellant,
v
The City of New York et al., Defendants, Binberk Realty Corp., Defendant-Respondent.

Sonin & Genis, LLC, Bronx (Robert J. Genis of counsel), for appellant.
Hecht Law Group, PLLC, West Hempstead (Mitchell M. Hecht of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 11, 2025, which, to the extent appealed from, granted defendant Binberk Realty Corp.'s motion for leave to reargue its motion pursuant to CPLR 317 to vacate a default order, same court (Larry S. Schachner), dated April 18, 2014, and upon reargument, granted the motion to vacate, unanimously reversed, on the law, without costs, and the motion denied.
Defendant timely filed its motion to vacate the default order under CPLR 317 because, as plaintiff concedes, no entry of judgment was ever filed (see Olivaria v Lin & Son Realty Corp., 84 AD3d 423, 424-425 [1st Dept 2011]).
Nevertheless, in this trip and fall action alleging a defect in a public sidewalk, defendant failed to demonstrate a meritorious defense as required by CPLR 317. The affidavit from defendant's property manager contains only general denials of its duty and notice (see Hasnat v ADP Realty Ltd., 231 AD3d 539 [1st Dept 2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025