■ CIT GROUP/FACTORING MANUFACTURERS HANOVER, INC., Respondent, v SUPERMARKETS GENERAL CORPORATION, Appellant.—Judgment, Supreme Court, New York County (Martin Evans, J.), entered May 23, 1991, which, upon jury verdict, awarded plaintiff $194,542.94 plus interest, costs and disbursements, affirmed, with costs.

In this action for goods sold and delivered, plaintiff alleged, in paragraph 4 of the complaint, "That, heretofore and between August 1, 1987 and February 28, 1989, plaintiff's assignor [Eagle], sold and delivered to defendant and defendant accepted and retained certain goods, wares and merchandise at the agreed price and reasonable value of $525,911.00."

The three-paragraph answer specifically admitted that allegation and added, as a sole "AFFIRMATIVE COMPLETE AND/OR PARTIAL DEFENSE," that "The Defendant is entitled to credits from and heretofore has made payments to the Plaintiff and, insofar as such credits and payment may not have constituted full payment in satisfaction of Plaintiff's claims, the Defendant is entitled to have the amount of such credits and payments deducted from any final judgment rendered in the Plaintiff's favor."

At trial plaintiff conceded that in addition to the payments and credits of $274,000 alleged in the complaint, additional pre-trial payments, including an award of partial summary judgment, had reduced its claim to $194,524.94.

With the pleadings in this posture, we sustain the rulings of the trial court and its instructions to the jury consistent therewith, that (1) the only real issue for determination by the jury was the extent of the credits and payments to which defendant might be entitled, and (2) as to that issue, defendant bore the burden of proof. Under CPLR 3018 (b), alleged payment of an indebtedness must be set forth as an affirmative defense, and the burden is thus on the defendant to plead and prove it (*Lion Brewery v Loughran,* 223 App Div 623). There is no merit to defendant's contention that plaintiff somehow bore the burden of proving nonpayment. Nor, contrary to the dissent, was any proof required from plaintiff to support the credits and payments defendant concedes.

The largest credit asserted by defendant was a 2% "volume discount" on all sales, allegedly issued by a low-level employee of plaintiff's assignor a few days before his discharge. The credibility (or lack thereof) of this witness, and his authority to bestow a $119,000 benefit upon defendant, was entirely within the province of the jury to resolve. The same may be said of the other credit claims submitted to the jury by the court. The court was also correct in dismissing defendant's "promotional advertising" claim for total lack of proof, commingled as it was with an undifferentiated claim of returns of merchandise, here foreclosed by defendant's pleading admission that it had "retained" the goods sold.

We have examined the other assertions of error raised by defendant and find them without merit. Concur—Ellerin, Wallach and Rubin, JJ.

Rosenberger, J. P., and Smith, J., dissent in a memorandum by Smith, J., as follows: This action was fatally flawed when the trial court improperly shifted the burden of proof and

forced the defendant to put its case on first. I therefore, dissent from the decision to affirm.

This is an action for goods sold and delivered. The allegations of the unverified complaint included the following:

"4. That, heretofore and between August 1, 1987 and February 28, 1989, plaintiff's assignor, sold and delivered to defendant and defendant accepted and retained certain goods, wares and merchandise at the agreed price and reasonable value of $525,911.00.

"5. That, no part of said sum has been paid nor credited to defendant except the sum of $274,324.50 leaving a balance due and owing of $251,586.50 with interest from February 28, 1989.

"6. That, defendant owes plaintiff $251,586.50 with interest from February 28, 1989.

"7. That no part of said sum has been paid although due and duly demanded."

The answer of the defendant admitted paragraph 4 but denied paragraphs 5-7 of the complaint. Specifically, the answer read as follows:

"Defendant, Supermarkets General Corporation, by way of Answer to the Complaint hereby says:

"1. The Defendant admits the allegations of Paragraphs 1 through 4 of the Complaint;

"2. The Defendant denies the allegations of Paragraphs 5 through 7 of the Complaint".

In addition, the defendant raised an affirmative defense that certain credits were due. The answer read:

"AS AND FOR THE FIRST SEPARATE AFFIRMATIVE COMPLETE AND/OR PARTIAL DEFENSE, THE DEFENDANT ALLEGES:

"3. The Defendant is entitled to credits from and heretofore has made payments to the Plaintiff and, insofar as such credits and payment may not have constituted full payment in satisfaction of Plaintiff's claims, the Defendant is entitled to have the amount of such credits and payments deducted from any final judgment rendered in the Plaintiff's favor."

Despite the fact that paragraphs 5-7 of the complaint were denied by defendant, plaintiff was not required by the trial court to prove its allegations. Instead, over the defendant's objection, defendant was required to put in its case first and to prove its entitlement to certain credits. The fact that the defendant admitted that it had received certain goods at an agreed price and with a reasonable value (paragraph 4 of the

complaint) was not an admission as to the sums plaintiff claims were paid or to the credits allegedly given by plaintiff (paragraphs 5-7 of the complaint).

When the court charged the jury, it did not indicate that the plaintiff had to prove its allegations of what payments were made or credits given. Instead, it stated that defendant had to prove two types of credits, a cash discount and a discount for volume.

Defendant here should have been required to prove its entitlement to credits only after plaintiff had proved the allegations of the complaint (PJI 1:23, including n 2, 1:60; UCC 1-201 [8]).