■ Julio Lopez, Appellant, v 592-600 Union Avenue Corp., Respondent. [739 NYS2d 80] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered March 14, 2001, which

granted defendant's motion to vacate a default judgment, unanimously reversed, on the law, without costs, the motion denied, and the judgment reinstated.

This is an action to recover damages for personal injury sustained in 1995, when plaintiff allegedly slipped and fell on a defectively maintained stairway in a Bronx apartment building owned and operated by defendant. Service of process was effected by delivery of a summons and complaint on the Secretary of State in October 1996, pursuant to Business Corporation Law § 306. When defendant failed to appear or answer, an inquest was held in 1998, and plaintiff entered a $90,000 default judgment on December 21, 1999. In October 2000, shortly after being served with a notice of execution, defendant moved by show cause order for relief from the default.

Defendant maintains on appeal, as a reasonable excuse for non-appearance, that it never received any copy of the process in the action because its address on file with the Secretary of State was obsolete. While we have held that a corporation's failure to comply with the Business Corporation Law § 306 requirement of maintaining its current address on file does not constitute a reasonable excuse for relief from a judgment under CPLR 5015 (a) (1) (*Lawrence v Esplanade Gardens*, 213 AD2d 216), the Court of Appeals has indicated that this circumstance does not constitute a per se barrier, and that some flexibility may be allowed by the courts (*Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 143). One of the factors suggested for consideration in *Di Lorenzo* is the length of time for which the address has not been updated. Here, defendant itself asserts that the listed address was stale for about a decade. We hold that such an inordinate lapse of time extinguishes any viable claim of "reasonableness."

Defendant also invokes CPLR 317, which does not require a reasonable excuse, provided the application for relief is made within one year (as it was here) of acquiring actual knowledge of the judgment. Nonetheless, the proffer of a meritorious defense is still required under both sections (*Peacock v Kalikow*, 239 AD2d 188, 189-190). In our view, the moving affidavit by defendant's officer and sole stockholder—containing only general assertions of lack of knowledge, a vaguely described "investigation," and a claim that she would have timely answered had she known about the incident—fails to substantiate the existence of a meritorious defense. Concur—Tom, J.P., Buckley, Sullivan, Rosenberger and Wallach, JJ.