■ MERRILL/NEW YORK COMPANY, Respondent, v CELERITY SYSTEMS, INC., Appellant. [752 NYS2d 301] —Order, Supreme Court, New York County (Louis York, J.), entered February 28, 2002, which denied defendant's motion to vacate a default judgment, unanimously affirmed, without costs.

Defendant fails to show a meritorious defense, rendering its showing of a reasonable excuse for the default academic (*see Crespo v A.D.A. Mgt.*, 292 AD2d 5, 10). The default judgment was granted upon defendant's failure to appear for oral argument of plaintiff's motion for summary judgment on its cause of action for account stated. In that motion plaintiff made a prima facie showing that nine invoices, annexed to its complaint and itemizing various financial printing services in accordance with CPLR 3016 (f), were sent to defendant over the course of more than a year and never disputed. Defendant's

answer did not specify the particular invoices it was disputing or the reasons why, as required by CPLR 3016 (f), and unaccountably denied knowledge or information sufficient to respond to plaintiff's allegation that the nine invoices were delivered to it, accepted and retained without objection. Defendant's opposition to plaintiff's motion for summary judgment consisted of a writing signed by its president and denominated an affidavit but not sworn. In that writing, defendant states that plaintiff's work was requested by the attorney that defendant had hired to prepare certain SEC filings, since discharged; that when plaintiff contacted defendant to discuss unpaid bills approximately a year after the date on the first invoice, defendant advised plaintiff that it never authorized, and its attorney never told it why it needed, the more expensive "overnight," "rush" and "on-demand" turnaround services indicated in the invoices; and that defendant lacks knowledge of the nature, necessity and reasonable value of these premium services. The merits aspect of defendant's motion to vacate the default judgment was supported only by this same unsworn statement. This statement does not constitute evidence in admissible form, and, absent any excuse for not having it sworn, cannot be considered (*see Grasso v Angerami*, 79 NY2d 813; *Zuckerman v City of New York*, 49 NY2d 557, 562). In any event, were we to consider the statement, we would find that it fails to specifically indicate the particular invoices in dispute (*see Phillips Nizer Benjamin Krim & Ballon v Chu*, 240 AD2d 231), fails to explain why defendant did not pay those invoices that do not indicate any premium services, fails to show that defendant's attorney did not order the premium services or lacked the apparent authority to do so, and otherwise fails to raise a genuine issue of fact as to whether defendant objected to the invoices (*see Walter, Conston, Alexander & Green v Vintage Creations*, 203 AD2d 203). Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.