■ JILL DAMASKA, Respondent, v SELCUK KANDEMIR et al., Defendants, and JENNIFER KANDEMIR, Appellant. [767 NYS2d 569]—

Order, Supreme Court, New York County (Walter Tolub, J.), entered December 30, 2002, which, inter alia, denied, with leave to renew upon completion of discovery, defendants' motion insofar as it sought to dismiss plaintiff's third cause of action against defendant Jennifer Kandemir, unanimously affirmed, without costs.

Defendants' prediscovery motion to dismiss pursuant to CPLR 3211 was properly denied as to plaintiff's third cause of action, which seeks to impose liability upon defendant-appellant Jennifer Kandemir and defendant Advanced Derma Tech, a limited liability company allegedly co-owned and operated by Jennifer Kandemir and her husband defendant Selcuk Kandemir, for the husband's alleged tortious conduct while rendering treatment to plaintiff, a client of the company.

Although the record indicates that Advanced Derma Tech is a limited liability company, which would generally preclude liability against Jennifer Kandemir (*see* Limited Liability Company Law § 609 [a]), at this prediscovery stage, it cannot be determined whether Jennifer Kandemir's role in the closely held company and/or her knowledge or conduct with regard to the incidents of sexual harassment and abuse in question might nevertheless result in liability. Discovery must be completed before such determination is made.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on June 24, 2003 (306 AD2d

186 [2003]) is hereby recalled and vacated. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.