■ ARABESQUE RECORDINGS LLC, Appellant, v CAPACITY LLC, Respondent. [846 NYS2d 43]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 31, 2007, which granted defendant's motion to vacate a default judgment, unanimously affirmed, with costs.

A corporation's failure to file a change of address with the Secretary of State does not constitute a per se barrier to vacatur of a default judgment pursuant to CPLR 317, which permits a defendant who has been "served with a summons other than by personal delivery" and "who does not appear" to defend the action "upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense" (see *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-142 [1986]). The affidavit submitted by defendant established that it did not receive personal notice of the summons in time to defend and that its defense was

meritorious. We reject plaintiff's analogy to cases developed under the Vehicle and Traffic Law (*see Cruz v Narisi*, 32 AD3d 981, 983 [2006, Goldstein, J., concurring] ["since motor vehicles are mobile, timely notification of the change of address of a registered owner of a motor vehicle is vital"]).

Even if, as plaintiff contends, defendant's motion should have been considered a motion to renew, it was properly granted (*see B.B.Y. Diamonds Corp. v Five Star Designs*, 6 AD3d 263, 264 [2004]). Defendant's initial failure to submit an affidavit in admissible form was demonstrably inadvertent and plaintiff failed to show any prejudice attributable to the delay caused by the failure.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.