■ ON ASSIGNMENT, Respondent, v MEDASORB TECHNOLOGIES, LLC, Formerly Known as RENALTECH INTERNATIONAL, LLC, Appellant. [855 NYS2d 98]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered December 29, 2006, which denied defendant's motion to vacate its default judgment, unanimously affirmed, with costs.

A party seeking to vacate a default judgment under CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a meritorious cause of action (*Abate v Long*, 261 AD2d 252 [1999]). Failure to file a change of address with the Secretary of State is generally not a reasonable excuse for such vacatur of a default judgment under CPLR 5015 (a) (1) (*Crespo v A.D.A. Mgt.*, 292 AD2d 5 [2002]; Limited Liability Company Law § 301 [e]; § 303). While such a failure does not constitute a per se barrier to vacatur, and some flexibility may be allowed by the courts (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]), flexibility is not warranted in this instance, given the passage of 15 months during which defendant's address on file with the Secretary of State was not updated. Moreover, defendant failed to establish a meritorious defense to the claim of an account stated (*see Morrison Cohen Singer & Weinstein, LLP v Waters*, 13 AD3d 51 [2004]; *Merrill/ New York Co. v Celerity Sys.*, 300 AD2d 206 [2002]), and never properly pleaded a defense that he had paid the debt, either fully or partially (*see CIT Group/Factoring Mfrs. Hanover v Supermarkets Gen. Corp.*, 183 AD2d 454, 455 [1992]). Concur— Lippman, P.J., Friedman, Catterson and Moskowitz, JJ.