■ STEVEN SHANKER et al., Appellants, v 119 EAST 30TH, LTD., Respondent. [881 NYS2d 98]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 22, 2008, which vacated a prior order granting leave to enter a default judgment, and order, same court and Justice, entered March 27, 2008, which denied plaintiffs' motion for a default judgment and granted defendant's cross motion to serve its answer, unanimously affirmed, with costs.

Defendant asserts it did not receive a copy of the summons and complaint from the Secretary of State, pointing out that the process sent to defendant was returned marked "ATTEMPTED

Unknown/Not Known." Jurisdiction was obtained over this corporate defendant by service of process on the Secretary of State irrespective of whether the process ever actually reached defendant (*Associated Imports v Amiel Publ.*, 168 AD2d 354 [1990], *lv dismissed* 77 NY2d 873 [1991]). The failure to keep a current address with the Secretary of State pursuant to Business Corporation Law § 306 (b) (1) is generally not a reasonable excuse for default under CPLR 5015 (a) (1) (*Crespo v A.D.A. Mgt.*, 292 AD2d 5, 9-10 [2002]). However, where the court finds that a defendant failed to "personally receive notice of the summons in time to defend and has a meritorious defense," relief from a default may be granted (CPLR 317; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138 [1986]; *Arabesque Recs. LLC v Capacity LLC*, 45 AD3d 404 [2007]). Moreover, there is no evidence that defendant deliberately attempted to avoid notice of the action (*see Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402, 403 [2004]).

Defendant made a prima facie showing of a meritorious defense by submitting evidence of a promise to pay for plaintiffs' roof repairs through a series of e-mails (*see Stevens v Publicis S.A.*, 50 AD3d 253, 255-256 [2008], *lv dismissed* 10 NY3d 930 [2008]). With respect to defendant's failure to appear at oral argument, its attorneys' confusion over the court's calendar practices does not preclude defendant from vacating an unintentional default (*see Price v Boston Rd. Dev. Corp.*, 56 AD3d 336 [2008]). Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.