■ SANTA BAEZ, Respondent, v ENDE REALTY CORP., Appellant, et al., Defendant. [911 NYS2d 68]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 14, 2009, which denied defendant Ende Realty Corp.'s motion to vacate a default judgment, unanimously affirmed, without costs.

Defendant's failure to keep a current address on file with the Secretary of State, as required by Business Corporation Law § 306, does not constitute a "reasonable excuse" for its default, and therefore vacatur of the default judgment pursuant to CPLR 5015 is not warranted (*see Lawrence v Esplanade Gardens*, 213 AD2d 216 [1995]; *Associated Imports v Amiel Publ.*, 168 AD2d 354 [1990], *lv dismissed* 77 NY2d 873 [1991]).

Nor is vacatur pursuant to CPLR 317 warranted, given defendant's failure to make the required showing of lack of notice. Defendant claimed that it had no knowledge of the personal injury action or the ensuing related fraudulent conveyance action because the postal service did not deliver mail to the address of its office, located on its premises. However, plaintiff demonstrated that during the years that the actions were pending his attorneys mailed papers related to the actions to defendant at its office on the premises on 27 occasions and that none of these mailings were returned to sender as undeliverable or otherwise. As the motion court found, the assertion by defendant's principal that she received none of these mailings was not credible (*see Matter of Allstate Ins. Co. [Patrylo]*, 144 AD2d 243, 246 [1988]). Furthermore, despite the argument advanced on appeal, defendant failed to request a hearing below. Finally, mere denial of receipt is insufficient to controvert plaintiff's evidence of mailing. Concur—Tom, J.P., Andrias, Catterson and Moskowitz, JJ.