*467 Order, Supreme Court, Bronx County (Diane A. Lebedeff, J.), entered March 21, 2011, which denied defendant-appellant’ s motion to vacate a default judgment against it, unanimously affirmed, without costs.
Plaintiff — as the assignee of Astro Plastics, Inc. — has standing to sue defendant for receiving goods from Astro but failing to pay for them (see M.S. Textiles v Rafaella Sportswear, 293 AD2d 261, 262 [1st Dept 2002]). Defendant’s contention that the October 3, 2006 assignment is invalid because it predates the January 26 to June 29, 2007 invoices that Astro sent to defendant is unavailing. “An assignment may properly relate to a future . . . right which is adequately identified” (Leon v Martinez, 84 NY2d 83, 88 n 1 [1994]). The October 3, 2006 loan and security agreement between plaintiff and Astro gave plaintiff a security interest in, among other things, Astro’s present and future accounts and accounts receivable.
Defendant’s claim that the assignment is invalid because it is not notarized is without merit. Since an assignment need not be in writing (see M.S. Textiles, 293 AD2d at 262), it need not be notarized. CPLR 5019 (c), on which defendant relies, is inapplicable. Plaintiff is not “[a] person other than the party recovering a judgment” (id.); it is the party recovering the judgment.
Since plaintiff properly served defendant by serving the Secretary of State (see CPLR 311 [a] [1]; Business Corporation Law § 306 [b] [1]), defendant was required to demonstrate a meritorious defense (see Shaw v Shaw, 97 AD2d 403, 404 [2d Dept 1983]). Defendant failed to demonstrate such a defense (see Lopez v 592-600 Union Ave. Corp., 292 AD2d 262, 263 [1st Dept 2002]).
In light of the above determination, it is unnecessary to consider whether defendant demonstrated a reasonable excuse under CPLR 5015 (a) (1). Were we to reach that issue, we would find that defendant’s failure for 23 years to keep its address with the Secretary of State updated “extinguishes any viable claim of ‘reasonableness’ ” (Lopez, 292 AD2d at 263).
We have considered defendant’s remaining arguments and find them unavailing. Concur — Sweeny, J.P, Abdus-Salaam, Román and Feinman, JJ.