(May 1, 2014)

■ John Diggs, Appellant, v Karen Manor Associates, LLC, Respondent, et al., Defendant. [985 NYS2d 23]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered October 3, 2012, which granted defendant Karen Manor's motion to vacate a default judgment, affirmed, without costs.

In April 2001, plaintiff fell through an open trapdoor in the floor of a grocery store and sustained injuries. Plaintiff commenced an action against, inter alia, the out-of-possession owner, Karen Manor, by service on the Secretary of State, which had an outdated address for Karen Manor. Karen Manor did not answer and the court granted a default on September 3, 2002. An order directing entry of a default judgment was entered 10 months later in July 2003. Plaintiff did not file a certificate of readiness or note of issue for an inquest on damages until 2006, which was then held in 2007, and did not enter the $300,000 judgment awarded until September 12, 2011.

Karen Manor updated its address with the Secretary of State in 2004, but all notices were served upon it at the former address. By affidavit of its principal Stuart Morgan, Karen Manor attests that it never received any notices in connection with the action prior to entry of judgment in 2011, and did not learn of the lawsuit until 2012 when a search of the public lien record disclosed the judgment. Defendant timely moved for vacatur on March 29, 2012 pursuant to CPLR 5015 (a). The trial court found that defendant had proffered a reasonable excuse for its default and demonstrated a meritorious defense. It further found that plaintiff would not suffer prejudice by the passage of time, noting that "part of the problem was Plaintiff's delay in

settling Order, moving for inquest and entering judgment" (*Diggs v Karen Manor Assoc. LLC*, 2012 NY Slip Op 33570[U], *1 [Sup Ct, Bronx County 2012]).

While Karen Manor may not have demonstrated a sufficient excuse for its default entitling it to vacatur of the judgment under CPLR 5015 (a) because of its failure to update its address with the Secretary of State, we affirm the vacatur in accordance with CPLR 317. Karen Manor demonstrated that it lacked actual notice of the action in time to defend and that it had a meritorious defense (*see Olivaria v Lin & Son Realty Corp.*, 84 AD3d 423 [1st Dept 2011]; *Arabesque Recs. LLC v Capacity LLC*, 45 AD3d 404 [1st Dept 2007]). With respect to notice, plaintiff mailed the summons and complaint and all other papers, including the note of issue and certificate of readiness, and notice of inquest, to the old address from which Karen Manor had moved in 1998 even though the Secretary of State had recorded its new address by 2004.

Contrary to the dissent's finding, the record demonstrates that plaintiff never sent papers to Karen Manor's actual business address, even though the address could have been ascertained during the course of the 10 years that transpired. The dissent's argument that Karen Manor must have received notice because it filed a change of address form with the Post Office some years before plaintiff commenced this action, and because it may have remained in some contact with the superintendent at its old address, does not constitute proof that Karen Manor received papers that were not properly addressed to it. We find that under the totality of the circumstances, Karen Manor has made a sufficient showing of lack of notice (*see Shanker v 119 E. 30th, Ltd.*, 63 AD3d 553 [1st Dept 2009]; *Arabesque Recs. LLC*, 45 AD3d 404).

The case cited by the dissent, *Baez v Ende Realty Corp.* (78 AD3d 576 [1st Dept 2010]), is distinguishable. In *Baez*, the court rejected as incredible the claim by the defendant corporation that it had not been notified when the plaintiff had mailed papers not to the defendant's old address on file with the Secretary of State, but to the new address to which the defendant had moved.

Karen Manor also presents a meritorious defense in that plaintiff's injury, which occurred when he fell through an open trapdoor, is likely to have been caused by the codefendant tenant's negligence for which Karen Manor, as an out-of-possession landlord, would not be liable. The failure to attach the lease requiring indemnification was not the issue. Although the first affidavit that Karen Manor submitted was defective

because it was not accompanied by a certificate in accordance with CPLR 2309 (c), Karen Manor submitted a second affidavit, in admissible evidentiary form, sufficient to raise the meritorious defense.

As the trial court found, plaintiff's delay in both prosecuting this matter and entering its default judgment also militates in favor of vacatur. Plaintiff obtained a default order in July 2003 and the inquest awarding $300,000 was in 2007, but judgment was not entered until September 2011, and the roughly eight-year delay cost Karen Manor approximately $225 thousand in accrued interest on the award.

In view of the foregoing, and in consideration of the strong public policy that matters be resolved on their merits (*see* *Navarro v A. Trenkman Estate, Inc.*, 279 AD2d 257 [1st Dept 2001]), we find that the trial court providently exercised its discretion by vacating the default judgment. Concur—Tom, Saxe and Freedman, JJ.

Gonzalez, P.J., and Manzanet-Daniels, J., dissent in a memorandum by Manzanet-Daniels, J., as follows: As the majority recognizes, there is no basis for the motion court's finding that defendant Karen Manor demonstrated a reasonable excuse for the default pursuant to CPLR 5015 (a), since defendant failed to notify the Secretary of State of its change of address for several years after it moved (*see e.g. On Assignment v Medasorb Tech., LLC*, 50 AD3d 342 [1st Dept 2008]).

However, I disagree with the majority to the extent they conclude that vacatur is warranted under CPLR 317. CPLR 317 provides that "[a] person served with a summons other than by personal delivery to him or to his agent . . . [and] who does not appear" may nonetheless be allowed to defend the action within one year after he obtains knowledge of the entry of judgment, if the court finds that he lacked notice of the summons in time to defend and that he has a meritorious defense. It is uncontroverted that at the time of the service of the summons and complaint, on or about October 5, 2001, defendant's old address was still on file. The mere denial of receipt of the summons and complaint, where it is undisputed that plaintiff served defendant at the address on file, is insufficient to establish lack of actual notice (*see Baez v Ende Realty Corp.*, 78 AD3d 576 [1st Dept 2010]). Indeed, the record supports the conclusion that defendant's failure to receive notice of the summons was the result of a deliberate attempt to avoid notice. The fact that the ad-

dress on file was changed years after service of the summons* is of no legal relevance in determining whether vacatur is justified under CPLR 317.

The bare assertion that defendant never received a copy of the summons and complaint is further belied by defendant's admissions that it filed a change of address form whereby all mail addressed to defendant at the old address would be forwarded to the new address, and that the mail, in any event, would have been received by the superintendent at the old address, who was still in contact with Mr. Morgan, a member of defendant.

It is also not clear that defendant has adequately set forth a meritorious defense. The original affidavit of Mr. Morgan was not in admissible evidentiary form. The lease agreement that purports to grant indemnification in favor of defendant is with a party other than codefendant, La Placita Latina, from whom defendant claims a right to indemnification. Mr. Morgan's allegation that the lease was "assumed" by La Placita Latina is insufficient in the absence of written proof of any such assumption. In order to be valid and enforceable, an assignment of a lease for real property for a term exceeding one year must be in writing (General Obligations Law § 5-703).

---

* Defendant's member averred that the Secretary of State "has been aware of this address change . . . since at least 2004," i.e., long after the summons and complaint had been served. Indeed, even the granting of plaintiff's motion for a default judgment (by order dated Sept. 3, 2002), and the court's order directing that judgment be entered in plaintiff's favor (by order dated July 3, 2003), predate the address change.