Gonzalez, PJ., and Manzanet-Daniels, J.,
dissent in a memorandum by Manzanet-Daniels, J., as follows: As the majority recognizes, there is no basis for the motion court’s finding that defendant Karen Manor demonstrated a reasonable excuse for the default pursuant to CPLR 5015 (a), since defendant failed to notify the Secretary of State of its change of address for several years after it moved (see e.g. On Assignment v Medasorb Tech., LLC, 50 AD3d 342 [1st Dept 2008]).
However, I disagree with the majority to the extent they conclude that vacatur is warranted under CPLR 317. CPLR 317 provides that “[a] person served with a summons other than by personal delivery to him or to his agent . . . [and] who does not appear” may nonetheless be allowed to defend the action within one year after he obtains knowledge of the entry of judgment, if the court finds that he lacked notice of the summons in time to defend and that he has a meritorious defense. It is uncontroverted that at the time of the service of the summons and complaint, on or about October 5, 2001, defendant’s old address was still on file. The mere denial of receipt of the summons and complaint, where it is undisputed that plaintiff served defendant at the address on file, is insufficient to establish lack of actual notice (see Baez v Ende Realty Corp., 78 AD3d 576 [1st Dept 2010]). Indeed, the record supports the conclusion that defendant’s failure to receive notice of the summons was the result of a deliberate attempt to avoid notice. The fact that the ad *404 dress on file was changed years after service of the summons* is of no legal relevance in determining whether vacatur is justified under CPLR 317.
The bare assertion that defendant never received a copy of the summons and complaint is further belied by defendant’s admissions that it filed a change of address form whereby all mail addressed to defendant at the old address would be forwarded to the new address, and that the mail, in any event, would have been received by the superintendent at the old address, who was still in contact with Mr. Morgan, a member of defendant.
It is also not clear that defendant has adequately set forth a meritorious defense. The original affidavit of Mr. Morgan was not in admissible evidentiary form. The lease agreement that purports to grant indemnification in favor of defendant is with a party other than codefendant, La Placita Latina, from whom defendant claims a right to indemnification. Mr. Morgan’s allegation that the lease was “assumed” by La Placita Latina is insufficient in the absence of written proof of any such assumption. In order to be valid and enforceable, an assignment of a lease for real property for a term exceeding one year must be in writing (General Obligations Law § 5-703).

 Defendant’s member averred that the Secretary of State “has been aware of this address change . . . since at least 2004,” i.e., long after the summons and complaint had been served. Indeed, even the granting of plaintiffs motion for a default judgment (by order dated Sept. 3, 2002), and the court’s order directing that judgment be entered in plaintiffs favor (by order dated July 3, 2003), predate the address change.