■ STILLWELL CAFÉ, INC., et al., Appellants, v 1680 EAST-CHESTER REALTY CORP., Respondent. [42 NYS3d 804]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered August 21, 2015, which granted defendant's motion to vacate the default judgment entered against it after inquest, and granted leave to serve an answer, unanimously affirmed, without costs.

Defendant is not entitled to relief under CPLR 5015 (a). Defendant failed to demonstrate a reasonable excuse for its default even though there has been extensive litigation between the parties over the premises, and the person (Michael Verini) who was defendant's chief executive officer, principal executive officer, and registered agent, passed away around the time the default occurred, because there is no explanation as to what prevented defendant from updating its entity information with the Secretary of State (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Diggs v Karen Manor Assoc., LLC*, 117 AD3d 401, 402-403 [1st Dept 2014]; *J & S Constr. of NY, Inc. v 321 Bowery LLC*, 39 AD3d 391 [1st Dept 2007]).

However, we find that vacatur of the judgment is appropriate under CPLR 317. Defendant established that it did not receive actual notice of process in time to defend the action by submitting the affidavit of Thomas Verini, Michael's son who was involved in the affairs of defendant (*see Arabesque Recs.*

*LLC v Capacity LLC*, 45 AD3d 404 [1st Dept 2007]). Defendant has also demonstrated that it has a meritorious defense, as the Appellate Term has determined that defendant made a sufficient showing of a meritorious claim for nonpayment of rent by plaintiffs (32 Misc 3d 128[A], 2011 NY Slip Op 51253[U] [App Term, 1st Dept 2011]), and plaintiffs make no challenge to this finding on the appeal. Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.