Gomez v One Sickles St. Co., LP (2018 NY Slip Op 07257)





Gomez v One Sickles St. Co., LP


2018 NY Slip Op 07257


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7454N 300630/14

[*1] Cynthia Gomez, Plaintiff-Respondent,
v
One Sickles Street Company, LP, et al., Defendants-Appellants.


Arnold & Porter Kaye Scholer LLP, New York (James M. Catterson of counsel), for appellants.
Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about June 8, 2017, which denied defendants' motion to vacate a default judgment entered against them, unanimously affirmed, without costs.
Defendants' failure to update their address on file with the Secretary of State for 14 years after moving their offices does not constitute a reasonable excuse for their default (CPLR 5015[a][1]; see On Assignment v Medasorb Tech., LLC, 50 AD3d 342 [1st Dept 2008]; Lopez v 592-600 Union Ave. Corp., 292 AD2d 262 [1st Dept 2002]).
Defendants also failed to demonstrate that they had no knowledge of this personal injury action and that they had a meritorious defense, as required for relief under CPLR 317 (see Lopez, 292 AD2d at 263; Baez v Ende Realty Corp., 78 AD3d 576 [1st Dept 2010]). As to lack of notice, defendants offered no explanation for their failure to receive the summons and complaint, and other documents, that plaintiff sent to the accident premises, i.e., the building they own (see Baez, 78 AD3d 576). The affidavit by defendants' officer fails to show a meritorious defense, as it contains only a general assertion of lack of knowledge of the incident or of any alleged defect in the premises and a claim that the officer would have timely answered had he known about the action (see Lopez, 292 AD2d at 263).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK