Bank of Am., N.A. v Champion Dental, P.C. (2019 NY Slip Op 03754)





Bank of Am., N.A. v Champion Dental, P.C.


2019 NY Slip Op 03754


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-09877
 (Index No. 57942/15)

[*1]Bank of America, N.A., respondent,
v
Champion Dental, P.C., et al., appellants.


Rutkin & Wolf, PLLC, White Plains, NY (Jason M. Wolf of counsel), for appellants.
Buchanan Ingersoll & Rooney P.C., New York, NY (Tanya D. Bosi and Jacqueline Weyand of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated August 10, 2017. The order denied the defendants' motion pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court dated December 28, 2016, entered upon their failure to answer the complaint.
ORDERED that the order is affirmed, with costs.
In May 2015, the plaintiff commenced this action alleging that the defendants defaulted on a loan agreement. Thereafter, the defendants moved, pro se, to dismiss the complaint. In an order dated March 16, 2016, the Supreme Court denied the motion and directed the defendants to serve an answer to the complaint within 20 days after they were served with a copy of the order with notice of entry. The defendants did not serve an answer, and in August 2016, the plaintiff moved for leave to enter a default judgment. The court granted the plaintiff's motion for leave to enter a default judgment, and a judgment dated December 28, 2016, was entered against the defendants. Thereafter, in May 2017, the defendants, through counsel, moved pursuant to CPLR 5015(a)(1) to vacate the judgment. The court denied the defendants' motion. The defendants appeal.
In order to vacate a default judgment pursuant to CPLR 5015(a)(1), the moving party must demonstrate a reasonable excuse for his or her default and a potentially meritorious defense to the action (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; see also On Assignment v Medasorb Tech., LLC, 50 AD3d 342, 342). " The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648, quoting Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890).
Here, the defendants failed to meet their burden of demonstrating a reasonable excuse for their default. In its opposition to the defendants' motion to vacate, the plaintiff submitted affidavits of service establishing that the defendants were served by mail at their last known addresses with a copy of the order denying their motion to dismiss as well as copies of the plaintiff's notice of motion for leave to enter a default judgment and supporting papers, the order granting the [*2]plaintiff's motion, and the judgment entered against the defendants and in favor of the plaintiff. In the defendants' submissions in support of their motion to vacate, they did not dispute that such service was effected and did not allege that they ever informed the plaintiff of their new address.
Accordingly, we agree with the Supreme Court's determination that the defendants failed to demonstrate a reasonable excuse for their default (see PHH Mtge. Corp. v Muricy, 135 AD3d 725, 727; see also On Assignment v Medasorb Tech., LLC, 50 AD3d at 342). As the defendants failed to demonstrate a reasonable excuse for their default, we need not reach the issue of whether the defendants demonstrated the existence of a potentially meritorious defense (see Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 691; Bernstein v Geiss, 111 AD3d 774, 775).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court