Robinson v Nelson (2019 NY Slip Op 04284)





Robinson v Nelson


2019 NY Slip Op 04284


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Tom, Oing, JJ.


9489 9488

[*1]Lambert Robinson, etc., Plaintiff-Appellant,
v
Shirley W. Nelson, et al., Defendants, Louis M. Eisen, et al., Defendants-Respondents.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (Richard M. Steigman of counsel), for appellant.
Garson & Jakub LLP, New York (Michael J. Morris of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered November 28, 2018, which, to the extent appealed from, denied plaintiff's motion for leave to renew defendants Louis M. Eisen and Hudson Valley Radiology Associates, PLLC's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law and the facts, without costs, plaintiff's motion granted, and, upon renewal, defendants' motion for summary judgment denied except as to the claim for loss of consortium. Appeal from order, same court and Justice, entered July 19, 2018, which granted defendants' motion, unanimously dismissed, without costs, as academic.
The motion court improvidently exercised its discretion in declining to grant plaintiff leave to renew upon his presentation of supplemental expert submissions (see Arabesque Recs. LLC v Capacity LLC, 45 AD3d 404, 405 [1st Dept 2007]). The record shows that any deficiencies in the initial submissions were due to counsel's inadvertent oversight, and defendants demonstrated no prejudice from the delay caused by counsel's failure.
Summary judgment is precluded by the parties' conflicting expert submissions, which present issues of fact as to whether defendants departed from accepted medical practice and whether any departure proximately caused the decedent's injuries (see Bradley v Soundview Healthcenter, 4 AD3d 194 [1st Dept 2004]).
However, the claim for loss of consortium cannot be maintained, because the alleged malpractice occurred before plaintiff and the decedent were married (Anderson v Eli Lilly & Co., 79 NY2d 797 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK