San Lim v MTA Bus Co. (2021 NY Slip Op 00121)





San Lim v MTA Bus Co.


2021 NY Slip Op 00121


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 153702/18 Appeal No. 12835-12836-12836A Case No. 2019-918 2020-01420 

[*1]San Lim, Plaintiff-Respondent,
v
MTA Bus Company, Defendant-Appellant Shawn Tobin, Defendant.


Armienti, DeBellis & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for appellant.
Friedman, Levy, Goldfarb & Green P.C., New York (Michael Ricchiuto of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about January 3, 2019, which granted plaintiff's motion for a default judgment against defendant Shawn Tobin, unanimously affirmed, without costs. Order, same court and Justice, entered August 1, 2019, which denied the motion of defendant MTA Bus Company to vacate the default judgment and its motion to renew its opposition to the motion for a default judgment, unanimously affirmed, without costs. Order, same court and Justice, entered December 11, 2019, which, inter alia, denied MTA's motion to renew the branch of its prior motion that sought to vacate the default judgment, unanimously affirmed, without costs.
Supreme Court did not err in denying the MTA's motion to vacate the default judgment entered against Tobin for lack of jurisdiction pursuant to CPLR 5015(a)(4) and CPLR 3211(a)(8). Plaintiff submitted a properly executed affidavit of service, which is prima facie evidence of proper service upon Tobin at his actual place of business pursuant to CPLR 308(2) (see Rivera v Banks, 135 AD3d 621, 622 [1st Dept 2016]). The MTA's conclusory denial that Tobin was properly served with the summons and complaint failed to rebut the presumption of service created by the process server's properly executed affidavit (see Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008]), and the affidavits submitted by the MTA fail to address the issue. That plaintiff served Tobin at the MTA's Legal Division located at 2 Broadway in Manhattan instead of his garage where he allegedly reported to work before he stopped working for the MTA is of no moment under CPLR 308(2), because the staff of that office accepted service on behalf of the MTA, which was sued as Tobin's employer pursuant to respondeat superior for his purported negligence while operating an MTA bus during the course of his employment, and was well suited to accept process on behalf of the MTA's employees (see Rahhal v Downing, 157 AD3d 446, 447 [1st Dept 2018]). The MTA's contention that plaintiff's purported mailing of a copy of the summons and complaint to 2 Broadway was not reasonably calculated to reach Tobin because the process server did not indicate in his affidavit whether the contents of the envelope were intended for him need not be considered, because that point was not raised below and may not be raised on appeal (see Mendelsohn v City of N.Y. [19th Precinct], 89 AD3d 569, 569-570 [1st Dept 2011], lv denied 19 NY3d 804 [2012]).
We further find that Supreme Court properly denied the MTA's motion for vacatur pursuant to CPLR 5015(a)(1), because its bare denial of service of the summons and complaint upon Tobin did not constitute a reasonable excuse for his delay in answering (see HSBC Bank USA, N.A. v Powell, 148 AD3d 1123, 1124 [2d Dept 2017]). Because the MTA failed to proffer a reasonable excuse for Tobin's default in answering the complaint, its motion to vacate the default judgment entered against him must [*2]be denied regardless of whether the MTA demonstrated that he had a potentially meritorious defense to the action (see M.R. v 2526 Valentine LLC, 58 AD3d 530, 532 [1st Dept 2009]).
Although the MTA was not required to show that Tobin had a reasonable excuse for not timely answering the complaint under CPLR 317, Supreme Court properly denied its vacatur motion pursuant to this provision because the MTA failed to submit an affidavit from a person with personal knowledge sufficient to demonstrate that Tobin had a meritorious defense (see Peacock v Kalikow, 239 AD2d 188, 190 [1st Dept 1997]). Contrary to the MTA's contention, the unsworn statement purportedly made by Tobin after the accident does not demonstrate that he has a potentially meritorious defense because it does not constitute evidence in admissible form, and, absent an excuse for not having it sworn, it cannot be considered (see Merrill/New York Co. v Celerity Sys., 300 AD2d 206, 207 [1st Dept 2002]).
Furthermore, Supreme Court properly exercised its discretion in denying the MTA's renewal motion because it was based on facts that were or should have been known to it at the time it submitted its opposition to plaintiff's motion to vacate, and there is no explanation as to why those facts were not presented on the prior motion (see Sullivan v Harnisch, 100 AD3d 513, 514 [1st Dept 2012]). Supreme Court also appropriately declined to grant renewal in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021