General Ins. v Leandre (2024 NY Slip Op 00598)

General Ins. v Leandre

2024 NY Slip Op 00598

Decided on February 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2024

Before: Singh, J.P., Moulton, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 28882/20 Appeal No. 1601 Case No. 2022-05620 

[*1]The General Insurance, et al., Plaintiffs-Appellants,
v
Kervens Leandre, Defendant-Respondent, Wenska Jean, et al., Defendants, 3 Star Acupuncture, PC, Defendants-Respondents.

Freiberg, Peck & Kang, LLP, Armonk (Yilo J. Kang of counsel), for appellants.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered November 1, 2022, which denied plaintiffs' motion for default judgment against 112 defendants in this action, unanimously modified, on the law, to grant the motion as to all defendants except CVS RX, Inc., and otherwise affirmed, without costs.
The motion court should have granted plaintiffs' motion for default judgment against all defendants except CVS RX, Inc. (CPLR 3215). The verified complaint and affidavit of merit from an employee of plaintiffs' sister company, who personally investigated the allegedly fraudulent automobile insurance claims at issue in this action, were sufficient to establish the facts constituting the claim (see Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]). Moreover, the properly executed affidavits of service constituted prima facie evidence of proper service on the "staged loss" and "policy" defendants and certain "provider" defendants (see Bank of Am., N.A. v Budhan, 171 AD3d 622, 622 [1st Dept 2019]; Tirado v City of New York, 200 AD2d 383 [1st Dept 1994]). Contrary to the motion court's finding, each affidavit of service states that the process servers made three separate attempts at serving the individual defendants at various dates and times before resorting to "nail and mail" service (CPLR 308(4); see Brafman & Assoc., P.C. v Balkany, 190 AD3d 453, 453 [1st Dept 2021]; see also Hochhauser v Bungeroth, 179 AD2d 431 [1st Dept 1992]). Plaintiffs' failure to file affidavits of service with the clerk of the court within 20 days of service is a "mere irregularity" rather than a jurisdictional defect and does not render the service of process a "nullity" (see Reem Contr. v Altschul & Altschul, 117 AD3d 583, 584 [1st Dept 2014]). In any event, service was deemed complete 10 days after plaintiffs filed their initial motion for default judgment with the affidavits of service (see id.).
With respect to the corporate defendants, plaintiffs properly effected service on these entities pursuant to Business and Corporations Law § 306 by serving the Secretary of State (see Shanker v 119 E. 30th, Ltd., 63 AD3d 553, 554 [1st Dept 2009]). Plaintiffs also complied with CPLR 3215(g)(4)(i) by filing an affidavit stating that an additional service of the summons by first class mail had been made upon defendant corporation at its last known address at least 20 days before the entry of judgment.
However, since plaintiffs failed to provide an affidavit reflecting service on CVS
RX, Inc., the motion court correctly denied the motion as to it (CPLR 3215[f]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2024