Diaz v Brooks Shopping Ctrs. LLC (2024 NY Slip Op 03009)

Diaz v Brooks Shopping Ctrs. LLC

2024 NY Slip Op 03009

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Index No. 22008/20 Appeal No. 2418 Case No. 2023-02381 

[*1]Wendy Diaz, Respondent,
v
Brooks Shopping Centers LLC, et al., Defendants, Merchants' National Properties, Inc., et al., Defendants-Appellants.

Sherman Atlas Sylvester & Stamelman LLP, New York (Anthony C. Valenziano of counsel), for appellants.
Krieger, Wilansky & Hupart, Bronx (Brett R. Hupart of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered April 17, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Merchants' National Properties, Inc. (Merchants) and Marx Realty (collectively, the Merchant defendants) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured when she slipped and fell on a sidewalk abutting a shopping center in February 2017. Defendant Brooks Shopping Centers LLC (Brooks) admitted in its answer that it owned the property on the date of the accident and defendant Macerich Management Company (Macerich) admitted in a notice to admit that it was the property manager on the date of the accident. In support of their motion for summary judgment, the Merchant defendants relied on those admissions and submitted evidence, including the affidavit of a corporate officer and a property tax record, which established that, on the date of the accident, they did not own, manage, or control the property. They also submitted a management agreement between Brooks and Marx Realty, which showed that Marx Realty became the property manager as of January 1, 2020, over two years after the alleged accident.
Contrary to plaintiff's contention, the corporate officer's draft affidavit offered in connection with settlement discussions, which did not expressly deny ownership, was not sworn or executed and, thus, did not constitute evidence that could raise an issue of fact (see Merrill/New York Co. v Celerity Sys., 300 AD2d 206, 207 [1st Dept 2002]). In denying the motion, the court should not have found that the property tax record raised an issue of fact concerning ownership, because plaintiff did not raise that argument in opposition to the Merchant defendants' motion (see Misicki v Caradonna, 12 NY3d 511, 519 [2009]). To the extent that plaintiff raises this argument for the first time on appeal, we decline to consider it (see Recovery Consultants v Shin-Hsieh, 141 AD2d 272, 276 [1st Dept 1988]). In any event, the property tax record supported the fact that Brooks, not Marx Realty or Merchant, owned the property at the time of the accident.
Plaintiff's additional contention that the Merchant defendants may be held liable based on their indirect ownership interest in Brooks, a limited liability company, is inconsistent with applicable law, which generally precludes liability against members of the company (see Limited Liability Company Law § 609 [a]). Even if the Merchant defendants were members of Brooks, they could not be held liable solely by virtue of their status as members of an LLC (see Kellogg v All Sts. Hous. Dev. Fund Co., Inc., 146 AD3d 615, 617 [1st Dept 2017]). Moreover, the Merchant defendants were minority members of the LLC that is the sole member of Brooks and were not directly members of Brooks. Plaintiff [*2]also failed to establish that the Merchant defendants' motion for summary judgment was premature or that discovery was needed to oppose the motion (see CPLR 3212 [f]; compare Damaska v Kandemir, 1 AD3d 159, 159 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024