Corley v 337 W. 138 St. Holdings LLC (2025 NY Slip Op 02298)

Corley v 337 W. 138 St. Holdings LLC

2025 NY Slip Op 02298

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 152927/22|Appeal No. 4158|Case No. 2024-06847|

[*1]Brian Corley, Plaintiff-Respondent,
v
337 West 138 Street Holdings LLC, Defendant-Appellant.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for appellant.
Daniella Levi & Associates, P.C., Fresh Meadows (Eliyahu Levi of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about November 4, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate the default order and money judgment entered against it pursuant to CPLR 317, unanimously modified, on the law, to the extent of vacating the denial of the motion and remit the matter to Supreme Court to conduct a framed issue hearing on whether defendant personally received notice of the action in time to defend, and otherwise affirmed, without costs.
At the commencement of the action in April 2022, plaintiff served the summons and complaint upon the Secretary of State and mailed the papers to defendant's former business address, which was still on file with the Secretary of State. Defendant failed to appear in the action. The court granted plaintiff's motion for a default judgment and, after an inquest, entered judgment against defendant in the amount of $204,641.63 on April 5, 2024.
After a lender's title search in April 2024 revealed the existence of the action and the judgment, defendant moved to vacate the default judgment, averring that, due to the inaccurate business address on file with the Secretary of State, it had not received actual notice of the action in time to defend and has a meritorious defense. In opposition, and in an effort to refute defendant's claim of lack of knowledge of the action, plaintiff proffered a certified mail return receipt for a letter, dated August 4, 2022, which, along with a copy of the summons and complaint, had been delivered on August 8, 2022, to the six-floor, 66-unit residential building, owned by defendant, where plaintiff's accident had occurred. The certified mailing is not addressed to any named individual or to any particular unit at the building, the signature on the return receipt is illegible, the space on the receipt for the signer's printed name is blank, and defendant does not maintain an office in the building. Supreme Court denied the motion on the ground that defendant's failure to update its address on file with the Secretary of State was not a reasonable excuse for its default.
On this record, the court should not have denied the motion to vacate the default judgment but, rather, should have ordered a framed issue hearing to determine whether defendant "personally received notice of the summons in time to defend" (CPLR 317). Initially, defendant's failure to update its address with the Secretary of State does not constitute a per se barrier to vacatur (see On Assignment v Medasorb Tech., LLC, 50 AD3d 342 [1st Dept 2008]). Further, defendant established, prima facie, grounds under CPLR 317 for vacating the default judgment through the sworn statement of one of its principals that "[d]efendant first became aware of plaintiff's lawsuit in April 2024 when a title search was performed by a lender of [d]efendant." By submitting, in opposition to the motion, evidence of the August 2022 delivery of [*2]the summons and complaint to defendant by certified mail at the location of the accident, accompanied by a letter extending additional time in which to appear before plaintiff would initiate default proceedings, plaintiff raised a triable issue as to whether defendant had learned of the action in time to defend. The evidence of the August 2022 certified mail delivery, however, did not establish as a matter of law that defendant had knowledge of the action at that time, given that the package was not addressed to any named individual, the illegibility of the signature on the return receipt, the absence of the signer's printed name, and defendant's principal's sworn averment that defendant did not learn of the action until April 2024. Accordingly, a framed issue hearing must be held to determine whether defendant learned of the action in time to defend it.[FN1]
Plaintiff improperly raises for the first time on appeal the argument that defendant failed to show a meritorious defense to the action. In any event, defendant's affidavit denying notice of the defect that allegedly caused plaintiff's injury sufficed to show a meritorious defense for purposes of the motion to vacate the default judgment, given the preference for determining actions on the merits. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025

Footnotes

Footnote 1: The partial payments defendant made on the judgment in July and August of 2024 have no bearing on the availability of relief from the default judgment under CPLR 317. Whether or not the payments would have waived defendant's former objection to personal jurisdiction, defendant, upon this appeal, has abandoned its challenge to personal jurisdiction and no longer seeks vacatur of the default judgment under CPLR 5015(a)(4).