Bokum v BUFNY II Assoc., L.P. (2025 NY Slip Op 03013)

Bokum v BUFNY II Assoc., L.P.

2025 NY Slip Op 03013

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 301007/14|Appeal No. 4391|Case No. 2024-03573|

[*1]Salimata Bokum et al., Plaintiffs-Respondents-Appellants,
v
BUFNY II Associates, L.P., Defendant-Appellant-Respondent, Black United Fund Of New York, Inc., Defendant, South Bronx Overall Economic Development Corporation Doing Business as SoBro, Defendant-Respondent.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Guy Des Rosiers of counsel), for appellant-respondent.
Law Office of Neil R. Finkston, Great Neck (Neil R. Finkston of counsel), for respondents-appellants.
Malapero Prisco & Klauber LLP, New York (Tracy L. Frankel of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 23, 2024, which, to the extent appealed from as limited by the briefs, granted the motions of BUFNY II Associates, L.P. (BUFNY) and South Bronx Overall Economic Development Corporation doing business as SoBro (SoBro) to vacate a January 5, 2023 default judgment, together with a January 7, 2015 default order, entered against them and denied BUFNY's motion to dismiss the complaint as against it for lack of personal jurisdiction, unanimously affirmed, without costs.
The court providently exercised its discretion in granting defendants' motions under CPLR 317. Defendants established that they did not receive actual notice of process in time to defend this action by submitting the affidavit of SoBro's president.
Contrary to plaintiffs' arguments, it does not appear that either defendant deliberately attempted to avoid notice of this action. "[I]t cannot be inferred solely from the failure to update [a] defendant's address with the Secretary of State that [the] defendant was deliberately avoiding receiving notice" (Gomez v Karyes Realty Corp., 211 AD3d 576, 577 [1st Dept 2022]).
Defendants also both set forth facts sufficient to make a prima facie showing of their meritorious defenses (see Martinez v Urban Renaissance Collaboration L.P., 227 AD3d 475, 476 [1st Dept 2024]). SoBro showed, through the affidavit of its president and the contract between BUFNY and plaintiffs' decedent, Ebrima Jallow's employer, that SoBro was not an owner, general contractor, or statutory agent of the property where Jallow was working when he fell on a staircase (see Santos v Condo 124 LLC, 161 AD3d 650, 653 [1st Dept 2018]).
BUFNY made a prima facie showing as to the Labor Law § 200 and common-law negligence claims in that the contract gave Jallow's employer responsibility for the means and methods of the work. BUFNY also showed a meritorious defense to the Labor Law § 240(1) claim in that it may be found that Jallow fell down a permanent staircase that is outside the coverage of the statute (see Griffin v New York City Tr. Auth., 16 AD3d 202, 203 [1st Dept 2005]). Furthermore, BUFNY showed a meritorious defense to the Labor Law § 241(6) claim because the complaint does not identify any specific Industrial Code provision that was violated (see Reilly v Newireen Assoc., 303 AD2d 214, 218 [1st Dept 2003], lv denied 100 NY2d 508 [2003]).
The court properly denied BUFNY's CPLR 3211(a)(8) motion to dismiss the complaint. Plaintiffs made service via Partnership Law § 121-109(a). Jurisdiction was obtained by service of process on the Secretary of State, "irrespective of whether the process ever actually reached" BUFNY (Shanker v 119 E. 30th, Ltd., 63 AD3d 553, 554 [1st Dept 2009]). BUFNY's "right of due process was not violated since it was afforded an opportunity to vacate the default upon the showing of a meritorious defense" (Micarelli v Regal Apparel, 52 AD2d 524, 524 [1st Dept 1976]).
We have considered [*2]the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025