OPINION OF THE COURT
Per Curiam.
The issue on this appeal is whether the trial court abused its discretion as a matter of law in granting defendant Phil-Mar Lumber Corporation’s motion to vacate a default judgment entered against it. We conclude that it did not, and remit the case to the Appellate Division for the exercise of discretion by that court.
Plaintiff brought a breach of contract action in Supreme Court against Phil-Mar Lumber Corporation (Phil-Mar) and A. C. Dutton Lumber Company, Inc. (Dutton). It served Phil-Mar, a New York corporation, by delivering two copies of the summons and complaint to the Secretary of State on June 29, 1983 (see, CPLR 311 [1]; Business Corporation Law § 306). The Secretary of State promptly sent one of these copies by certified mail to the address listed by Phil-Mar with the Department of State for this purpose. This copy was returned to the Secretary of State by the post office with the notation "Moved, Not Forwardable.” Phil-Mar had apparently move its place of business, but had not updated the address on file with the Department of State.
While Phil-Mar failed to answer, plaintiff applied for a default judgment. Judgment was entered against Phil-Mar on August 2, 1983 and the action against Dutton was severed. On August 18, plaintiff sent a restraining notice to Phil-Mar’s bank as garnishee.
By order to show cause dated August 26, 1983, Phil-Mar moved to vacate the default judgment and set aside the *141 restraining notice issued thereunder. Its motion papers alleged that it first received notice of the action on August 23, when it learned of the restraint on its bank account. Phil-Mar also asserted that plaintiff knew the location of its place of business through the business dealings between them, yet never attempted to serve it personally at that office. The motion papers also proffered a defense to plaintiff's claim.
Plaintiff, in opposition to the motion, did not deny knowledge of Phil-Mar’s place of business. It asserted, however, that Phil-Mar had deliberately failed to update its address with the Department of State in an attempt to defraud creditors, and that its default was therefore willful. Plaintiff submitted evidence showing that process sent by the Secretary of State in several other actions to Phil-Mar’s address on file had been returned, and that in one of these other actions a default judgment had been entered on June 17, 1983. Phil-Mar, in reply, asserted that it had not realized that an improper address was on file until July 6,1983.
Phil-Mar’s order to show cause did not recite the statutory provision upon which it relied for vacating the default judgment. The attorney’s affirmation in support of the motion asserted that the moving papers set forth entitlement to relief under CPLR 5015 (a), and this provision was again referred to in the reply papers. CPLR 5015 (a) provides that a party may be relieved from a judgment on the ground of, among others, "excusable default” (CPLR 5015 [a] [1]). A defendant seeking to vacate a default under this provision must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action (see, e.g., Gray v B. R. Trucking Co., 59 NY2d 649, 650; Blake v City of New York, 90 AD2d 531).
A second provision for obtaining relief from a default judgment is found in CPLR 317. That section states, in part, that "[a] person served with a summons other than by personal delivery to him or to his agent for service under [CPLR] 318 * * * may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment * * * upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense.” As has been emphasized in numerous cases, there is no necessity for a defendant moving pursuant to CPLR 317 to show a "reasonable excuse” for its delay (see, e.g., Simon & Schuster v Howe Plastics & Chems. Co., 105 AD2d *142 604, 605; Zuppa v Bison Drywall & Insulation Co., 93 AD2d 997). It is also well established that service on a corporation through delivery of process to the Secretary of State is not "personal delivery” to the corporation or to an agent designated under CPLR 318 (see, e.g., Taieb v Hilton Hotels Corp., 60 NY2d 725; Cecelia v Colonial Sand & Stone Co., 85 AD2d 56, 57). Thus, corporate defendants served under Business Corporation Law § 306 have frequently obtained relief from default judgments where they had a wrong address on file with the Secretary of State, and consequently, did not receive actual notice of the action in time to defend (see, e.g., Union Indent. Ins. Co. v 10-01 50th Ave. Realty Corp., 102 AD2d 727; Meyer v Fisher & Sons Dental Lab., 90 AD2d 889).
Special Term, although acknowledging that Phil-Mar had not cited to CPLR 317, granting relief pursuant to that section, finding that Phil-Mar had not personally received notice of the summons in time to defend the action and that the affidavits in support of the motion raised questions of fact supporting a meritorious defense. The court also concluded that Phil-Mar was entitled to relief under CPLR 5015 (a). It found that plaintiff knew Phil-Mar’s business address and had, in fact, served Dutton at that address, and held that under such circumstances the default was "excusable”.
The Appellate Division, Third Department, reversed Special Term’s order on the law and reinstated the default judgment against Phil-Mar. The court did not consider CPLR 317, and, with respect to CPLR 5015 (a), held that a corporation’s default is not "excusable” where its lack of actual notice was due to its own failure to keep a current address on file with the Secretary of State.
The court also noted the other default judgment which had been entered against Phil-Mar prior to the service here, though it did not make any findings as to when Phil-Mar received notice of that judgment.
The Third Department’s failure to consider CPLR 317 was apparently based upon its prior holding that where a defendant cites to only CPLR 5015 (a) in support of a motion to vacate a default judgment, the court may not grant such relief pursuant to CPLR 317 (see, Cristo Bros. v M. Cristo, Inc., 91 AD2d 807, appeal dismissed 59 NY2d 760; see also, Epstein v Abalene Pest Control Serv., 98 AD2d 832). Other courts, however, have held that a defendant’s specification of only CPLR *143 5015 does not preclude the court from considering CPLR 317 as a basis for vacating a default (see, Rifenburg v Liffiton Homes, 107 AD2d 1015; Brac Constr. v Di-Com Corp., 51 AD2d 740; Royal Athletic Surfacing Co. v Crossfield Prods. Corp., 120 Misc 2d 184). Particularly in view of the provision in CPLR 2001 for disregarding a "mistake, omission, defect or irregularity”, we agree with the latter decisions that a court has the discretion to treat a CPLR 5015 (a) motion as having been made as well pursuant to CPLR 317.
Accordingly, the decision by Special Term to consider CPLR 317 was not an abuse of discretion, and reversal by the Appellate Division "on the law” was improper. Nor can we conclude, on the factual findings before us, that vacatur of the default under CPLR 317 was in any event an abuse of discretion. A defendant who meets the requirements of that section normally will be entitled to relief, although relief is not automatic, as the section states that a person meeting its requirements "may be allowed to defend the action” (emphasis added; see also, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 317.08). Thus, denial of relief under CPLR 317 might be appropriate where, for example, a defendant’s failure to personally receive notice of the summons was a result of a deliberate attempt to avoid such notice (see, Rifenburg v Liffiton Homes, 107 AD2d 105, supra; Cascione v Acme Equip. Corp., 23 AD2d 49).
We would also note that even under CPLR 5015, there is no per se rule that a corporation served through the Secretary of State, and which failed to update its address on file there, cannot demonstrate an "excusable default”. Rather, a court should consider, among other factors, the length of time for which the address had not been kept current.
Accordingly, the order of the Appellate Division should be reversed, and the matter remitted to that court for the exercise of discretion.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
Order reversed, with costs, and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein. Question certified answered in the affirmative.