■ EUGENE DI LORENZO, INC., Appellant, v A. C. DUTTON

LUMBER COMPANY, INC., Also Known as A. C. DUTTON LUMBER COMPANY, Defendant, and PHIL-MAR LUMBER CORPORATION, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered December 13, 1983 in Ulster County, which granted defendant Phil-Mar Lumber Corporation's motion to vacate a default judgment entered against it.

When this case was previously before this court, we reversed, on the law, Special Term's order which vacated a default judgment entered against defendant Phil-Mar Lumber Corporation (Phil-Mar), holding that Special Term abused its discretion (108 AD2d 1004). The Court of Appeals reversed our order and remitted the matter to this court for the exercise of discretion (67 NY2d 138).

On the facts of this case, Phil-Mar could have moved to be relieved of its default pursuant to CPLR 5015 (a) or 317. The Court of Appeals held that it was not an abuse of discretion for Special Term to consider the more lenient provisions of CPLR 317 even though the movant cited only CPLR 5015 (a). Even CPLR 317 does not provide automatic relief and, as the Court of Appeals noted, relief may be denied where a defendant's failure to receive notice is a result of its deliberate attempt to avoid such notice.

Upon our review of the record, we find no reason to interfere with Special Term's exercise of discretion in considering Phil-Mar's motion under CPLR 317. Further, the record does not establish that Phil-Mar's failure to maintain a correct address with the Secretary of State was the result of anything more than mere negligence. Thus, Special Term's exercise of discretion in granting Phil-Mar's application was not inappropriate.

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.