■ NANCY APONTE, Appellant, v MOTT HAVEN FURNITURE COMPANY, INC., Respondent. [823 NYS2d 70]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 22, 2004, which, in an action for personal injuries sustained when plaintiff was attacked by a dog while walking on the sidewalk adjacent to a parking lot owned by defendant and leased to a nonparty, denied plaintiff's motion for leave to vacate her default in opposing defendant's prior motion for summary judgment, unanimously affirmed, without costs.

While plaintiff's default may have been excusable, she fails to show a meritorious cause of action (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). Defendant's principal testified that while he frequently visited the parking lot, he had never observed any dogs there and had no knowledge of any attacks by dogs that might have been kept there by the tenant. Plaintiff testified that for about a year before the attack, she had observed dogs roaming the parking lot and

sidewalk in front of it, and going in and out of the shed on the lot, and that several days after the attack, she overheard unidentified persons in a grocery store speak of two other attacks on unidentified victims. This fails to raise an issue of fact as to whether defendant knew of the vicious propensities of the dog that attacked plaintiff (*see Figueroa v Alex Auto Parts & Cars*, 278 AD2d 8 [2000]). We reject plaintiff's argument that even if defendant did not know of the vicious nature of the dogs roaming the parking lot, liability could be based on a finding that the dogs were permitted to roam unrestrained in an open area accessible to the sidewalk with defendant's implied permission (*cf. Vitrella v Rodrigues*, 11 AD3d 287 [2004], *lv denied* 4 NY3d 706 [2005]). Concur—Andrias, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.