Cheryl Saunders, Executrix of Estate of Eion Saunders, Respondent, -
against
The Door Restaurant Corp. and Hume Clement, Defendants, -and- Christopher Roberts, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered June 30, 2014. The order denied a motion by defendant Christopher Roberts to, in effect, vacate a prior order of the same court (Katherine A. Levine, J.) entered June 9, 2014 which denied, based on his nonappearance, his unopposed motion to vacate so much of a default judgment entered March 26, 2014 as was against him and, upon such vacatur, to vacate so much of the March 26, 2014 default judgment as was against him.




ORDERED that the order entered June 30, 2014 is reversed, without costs, the motion by defendant Christopher Roberts to, in effect, vacate the order entered June 9, 2014, and, upon such vacatur, to vacate so much of the March 26, 2014 default judgment as was against him is granted, and the matter is remitted to the Civil Court for all further proceedings as against defendant Christopher Roberts.
On June 11, 2013, plaintiff commenced this small claims action against defendants, The Door Restaurant Corp., Hume Clement and Christopher Roberts, seeking $5,000 for "damages to personal property on 07-01-2012." The Civil Court's records indicate that defendants were served with notice of the claim (CCA 1803) and that they were to appear for trial on October 8, 2013. On October 8, 2013, the matter was adjourned. On the March 26, 2014 adjourned date, defendants failed to appear and, following an inquest, a judgment was entered in favor of plaintiff in the principal sum of $5,000 as against each defendant. Thereafter, the Civil Court (Robin S. Garson, J.) declined to sign an initial order to show cause by Christopher Roberts (defendant) to vacate so much of the March 26, 2014 default judgment as was against him, due to defects in the papers. A second application for the same relief was made, and defendant's motion was denied by order of the Civil Court (Katherine A. Levine, J.) entered June 9, 2014, based on defendant's failure to appear on the return date. That order purported to bar defendant from making any further applications by order to show cause "as this is [the second] time [defendant] failed to show." Defendant moved again by order to show cause to, in effect, to vacate the June 9, 2014 order and, upon such vacatur, to vacate so much of the default judgment as was against him, stating that he had reasonable excuses for the defaults and a meritorious defense. As the [*2]judge who had decided the June 9, 2014 order was not available, the motion was referred to a different judge (Robin Kelly Sheares, J.), who, by order entered June 30, 2014, denied the motion based on the direction in the June 9, 2014 order that defendant not file any further applications for an order to show cause. Defendant appeals from the June 30, 2014 order.
In our opinion, the Civil Court's June 9, 2014 order barring defendant from applying for any further orders to show cause was too severe a sanction under the circumstances. 
In order to vacate a judgment or order entered upon default, a defendant is required to establish both a reasonable excuse for the default and a meritorious defense to the action (see CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Defendant established both that counsel's default in appearing on June 9, 2014 was due to law office failure and that defendant had a meritorious defense to the action. Moreover, defendant established that he had a reasonable excuse for his default in appearing on March 26, 2014, as he had not been notified that the matter had been adjourned to that date. 
Consequently, the order entered June 30, 2014 is reversed, the motion by defendant Christopher Roberts to, in effect, vacate the June 9, 2014 order and, upon such vacatur, to vacate so much of the March 26, 2014 default judgment as was against him is granted, and the matter is remitted to the Civil Court for all further proceedings as against defendant Christopher Roberts.
Pesce, P.J., Weston and Solomon, JJ., concur.
Decision Date: March 11, 2016