Medhat O'Kelly, as Administrator of the Estate of MAGDY O'KELLY, Deceased, Respondent, "
against
John Doe", "JANE DOE", "TONY" SOLER, XYZ CORP. VACANT LOT BLOCK 3474, LOT 4, 1957 BROADWAY BROOKLYN, NEW YORK 11207, "JOHN POE" and "JANE POE", Occupants, and SILVIO HERRERA, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), dated September 25, 2013. The order denied Silvio Herrera's motion to vacate a default final judgment in a summary proceeding brought pursuant to RPAPL 713 (4).




ORDERED that the order is affirmed, without costs.
Following a tax sale, the subject premises was conveyed to petitioner's decedent by a referee's deed. Thereafter, in 2010, petitioner commenced this summary proceeding pursuant to RPAPL 713 (4) to recover possession of the premises. After occupants failed to appear or answer, a default final judgment awarding possession to petitioner was entered on March 29, 2010, and a warrant of eviction was subsequently executed. In September 2013, Silvio Herrera (appellant) moved to vacate the default final judgment and restore the case to the calendar. By order dated September 25, 2013, the Civil Court denied appellant's motion.
Upon a review of appellant's motion papers, we find that his conclusory statements regarding service were insufficient to rebut the process server's affidavit and raise an issue of fact necessitating a traverse hearing (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]). Therefore, appellant failed to establish that he was entitled to vacatur of the default final judgment pursuant to CPLR 5015 (a) (4). Moreover, inasmuch as appellant failed to show that he had a meritorious defense to the proceeding, he is not entitled to vacatur pursuant to CPLR 5015 (a) (1) (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]).
Accordingly, the order is affirmed. 
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: March 18, 2016