Ahmed A. Opetubo, Appellant, 
against
Folasade Omowanile, Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered January 15, 2015. The order denied plaintiff's motion to, in effect, vacate a default judgment and restore the action to the calendar.




ORDERED that the order is affirmed, without costs; and it is further,
ORDERED that, on the court's own motion, the clerk of the Small Claims Part of the Civil Court is directed to amend the caption in this small claims action to reflect that Ahmed A. Opetubo is the plaintiff in this action.
In this small claims action to recover for breach of contract, after a judgment that had been entered on February 14, 2011 had been vacated, plaintiff failed to appear on the adjourned date of the new trial and the action was dismissed. Thereafter, the Civil Court denied plaintiff's motion to, in effect, vacate the default judgment and restore the matter to the trial calendar, finding that plaintiff had not demonstrated a reasonable excuse for his failure to appear on the adjourned trial date.
A plaintiff seeking to vacate a default judgment pursuant to CPLR 5015 (a) must demonstrate a reasonable excuse for the default and a meritorious cause of action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1984]; Hines v Chambers, 48 Misc 3d 134[A], 2015 NY Slip Op 51086[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Roberts v Utica Elec. Zone Corp., 39 Misc 3d 142[A], 2013 NY Slip Op 50770[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Upon a review of the record, we find that the Civil Court did not improvidently exercise its discretion in denying plaintiff's motion on the ground that plaintiff had failed to establish a reasonable excuse for his default. In view of the foregoing, it is unnecessary to consider whether plaintiff sufficiently established a meritorious cause of action (see HSBC Bank USA, N.A. v Roldan, 80 AD3d 566 [2011]).
We note that it appears that, prior to its vacatur, the judgment entered February 14, 2011 had been assigned to Jerai Spruiell, Doing Business as Court Revenue Service, and, although the record contains no order directing substitution, the caption of the small claims action was amended to reflect the assignment. Since we read CCA 1809 as prohibiting not only the institution but also the prosecution of a small claims action by an assignee, once the judgment was vacated, the assignment thereof was no longer operative, and any prosecution of the action thereafter could necessarily only be by Ahmed A. Opetubo. Consequently, the clerk of the Small Claims Part of the Civil Court is directed to amend the caption to reflect that Ahmed A. Opetubo [*2]is the plaintiff, and the caption on appeal has been amended accordingly.
Accordingly, the order is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 05, 2016