Gates Towers, LLC, Respondent, 
against
Kate Pfohl, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Lydia C. Lai, J.), entered May 15, 2014. The order denied tenant's motion to, in effect, vacate a prior order of the same court (Thomas M. Fitzpatrick, J.) dated May 7, 2014 which, upon tenant's default in appearing at a traverse hearing, had overruled the traverse and denied tenant's underlying motion to vacate a default final judgment that had been entered against her on March 4, 2014.




ORDERED that the order entered May 15, 2014 is reversed, without costs, tenant's motion to, in effect, vacate the order dated May 7, 2014 is granted, and the matter is remitted to the Civil Court for a new determination of tenant's underlying motion to vacate the default final judgment following a traverse hearing.
In this nonpayment summary proceeding, a final judgment awarding landlord possession was entered on March 4, 2014 upon tenant's default in appearing and answering. The affidavit of service indicates that tenant was served on January 8, 2014 by service upon a person of suitable age and discretion at the subject premises. By order dated April 24, 2014, the Civil Court (Lydia C. Lai, J.) granted a motion by tenant to vacate the default final judgment to the extent of setting the matter down for a traverse hearing, which was scheduled for May 7, 2014 at 2:30 p.m. The court's file indicates that tenant failed to appear at the traverse hearing, and, by order dated May 7, 2014, the Civil Court (Thomas M. Fitzpatrick, J.) overruled the traverse and denied tenant's motion to vacate the default final judgment.
Thereafter, tenant moved to, in effect, vacate the May 7, 2014 order. She alleged in her supporting affidavit that she "got off the bus at 2:45 p.m. I went to [room] 502 where I was schedule[d]." She was then told to appear in the courtroom next door, but the court had already held her in default. She alleged further, as a meritorious defense, that the amount of rent sought by landlord was incorrect and that the apartment was in need of repairs. By order entered May 15, 2014, the Civil Court (Lydia C. Lai, J.) denied the motion.
In our view, tenant's motion should have been granted since she demonstrated a reasonable excuse for her default and a meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]).
Accordingly, the order entered May 15, 2014 is reversed, tenant's motion to, in effect, vacate the order dated May 7, 2014 is granted, and the matter is remitted to the Civil Court for a new determination of tenant's underlying motion to vacate the default final judgment following a [*2]traverse hearing.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: July 20, 2016