■ MARIA YOLANDA LOPEZ-REYES, Respondent, v EMILE HERIVEAUX et al., Defendants, and HCAACC-HISPANIC et al., Appellants. [41 NYS3d 223]—

Judgment, Supreme Court, New York County (Kathryn Freed, J.), entered April 2, 2015, in favor of plaintiff and against, inter alia, defendants HCACC-Hispanic and Chinese American Chamber of Commerce, Inc., and Natural Foods Supermarket, Inc. (together defendants), unanimously af-

firmed. Appeal from order, same court (Louis B. York, J.), entered July 28, 2014, which denied defendants' motion to vacate an order granting plaintiff a default judgment against them, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendants failed to demonstrate a reasonable excuse for their nonappearance (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). The excuse proffered, that their principal, defendant Emile Heriveaux, acting pro se, had mistakenly believed that he could appear on their behalf, was not supported by an affidavit by a person with personal knowledge and did not address why no appearance was made on their behalf even after the additional notice required by CPLR 3215 (g) was served on them (*see World on Columbus v L.C.K. Rest. Group*, 260 AD2d 323, 324 [1st Dept 1999]; CPLR 321 [a]). Defendants also failed to demonstrate a meritorious defense (*see Eugene Di Lorenzo, Inc.*, 67 NY2d at 141).

The record shows that defendants' counsel was served with notice of the inquest (CPLR 2103 [b] [2]), and indeed appeared at the inquest on defendants' behalf. The court properly ordered the inquest with respect to defendants (CPLR 3215 [d]), and plaintiff's uncontroverted testimony established the amount of her damages.

We have considered defendants' remaining contentions and find them unavailing. Concur—Renwick, J.P., Moskowitz, Kapnick, Kahn and Gesmer, JJ.

Defendants' motion, on consent by all parties, to supplement the record is granted.