Shmuklyer v Feintuch Communications, Inc. (2018 NY Slip Op 00908)





Shmuklyer v Feintuch Communications, Inc.


2018 NY Slip Op 00908


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


5657N 656263/16

[*1] Olga Shmuklyer, Plaintiff-Appellant,
v
Feintuch Communications, Inc., Defendant-Respondent.


Ira Daniel Tokayer, New York, for appellant.
Lawrence W. Rader, New York, for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered August 28, 2017, which granted defendant's motion to vacate the default judgment against it, unanimously affirmed, with costs.
"A defendant seeking to vacate a default under [CPLR 5015(a)] must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Moreover, "section 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated. Indeed, the drafters of that provision intended that courts retain and exercise their inherent discretionary power in situations that warranted vacatur but which the drafters could not easily foresee" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]).
The court providently exercised its discretion in finding that defendant presented a reasonable excuse, based on counsel's family crises, the particulars of which were explained in defendant's papers, occurring at the time the answer was due. It is noteworthy too that plaintiff's counsel, who had communicated several times with defendant's counsel, and which communications made it clear that defense counsel was unaware of the pending default motion, chose to remain silent, thereby contributing to defendant's default in opposing it. Additionally, contrary to plaintiff's argument, the record does not support any finding of willful delay or neglect. Plaintiff has also waived any appellate review of defendant's meritorious defense, by failing to make any mention of such defense until plaintiff's reply brief (see Ginsberg v Rudey, 280 AD2d 267 [1st Dept 2001], lv denied 96 NY2d 711 [2001]; Blech v West Park Presbyt. Church, 102 AD3d 596, 597 [1st Dept 2013]). In any event, defendant demonstrated a sufficient a meritorious defense to the court below.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK