Benjamin Messinger, Appellant,
against
FCA US, LLC, Respondent.




Benjamin Messinger, appellant pro se.
Rose Waldorf, PLLC (Mark W. Skanes of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered May 12, 2016. The order denied plaintiff's motion to vacate an order of that court entered April 20, 2016 granting, upon plaintiff's failure to appear on the return date of the motion, defendant's motion to dismiss the complaint for spoliation of evidence or, in the alternative, for summary judgment dismissing the complaint.




ORDERED that the order entered May 12, 2016 is reversed, without costs, plaintiff's motion to vacate the order entered April 20, 2016 is granted, and the matter is remitted to the Civil Court for a new determination of defendant's motion to dismiss the complaint for spoliation of evidence or, in the alternative, for summary judgment dismissing the complaint. 
Plaintiff commenced this action to recover for breach of warranty, defective repairs and the breach of an agreement to reimburse plaintiff for the cost of a rental vehicle with respect to a vehicle that plaintiff had purchased from defendant. Upon plaintiff's failure to appear on the return date of a motion by defendant to dismiss the complaint for spoliation of evidence or, in the alternative, for summary judgment dismissing the complaint, the Civil Court entered an order on April 20, 2016 dismissing the complaint. Thereafter, by order entered May 12, 2016, the Civil Court denied plaintiff's motion to vacate the April 20, 2016 order. 
Upon a review of the record, we find that the Civil Court improvidently exercised its discretion in denying plaintiff's motion, since plaintiff demonstrated that he had a reasonable excuse for his default in appearing, a potentially meritorious cause of action and a potentially meritorious opposition to defendant's underlying motion to dismiss for spoliation of evidence, or, in the alternative, for summary judgment (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]).
Accordingly, the order entered May 12, 2016 is reversed, plaintiff's motion to vacate the order entered April 20, 2016 is granted, and the matter is remitted to the Civil Court for a new [*2]determination of defendant's motion to dismiss the complaint for spoliation of evidence or, in the alternative, for summary judgment dismissing the complaint. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2018