SZ Medical, P.C., as Assignee of Mahaisri Singh, Appellant, 
against
Allstate Insurance Company, Respondent.




Amos Weinberg, Esq., for appellant.
Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered April 3, 2014. The order denied plaintiff's motion to vacate an oral order of that court issued July 31, 2013 dismissing the action based on plaintiff's failure to proceed at trial.




ORDERED that the order entered April 3, 2014 is affirmed, without costs.
This action by a provider to recover assigned first-party no-fault benefits was commenced in 2002. In 2013, the case was scheduled for trial for the first time. On July 31, 2013, plaintiff's counsel appeared only to seek an adjournment. Plaintiff concedes that it had no witness and was not ready to proceed. The court denied plaintiff's request for an adjournment and dismissed the action pursuant to Uniform Rules for the New York City Civil Court (22 NYCRR) § 208.14 (b) (2). About seven months later, plaintiff moved to vacate that dismissal, which motion was denied by order entered April 3, 2014, from which plaintiff appeals.
Where an action has been dismissed because of a default by a plaintiff, to vacate the dismissal "it [is] incumbent upon [the] plaintiff to demonstrate a reasonable excuse for the default and a meritorious cause of action" (V.S. Med. Servs., P.C. v Travelers Ins. Co., 24 Misc [*2]3d 32, 34 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Plaintiff failed to sustain that burden here. Plaintiff has not demonstrated that the Civil Court's denial of plaintiff's request for an adjournment was an abuse of discretion (see Nieves v Tomonska, 306 AD2d 332 [2003]). Plaintiff did not show why it could not have been prepared to proceed on the day set for the trial of the then 11-year-old case, or why it had not attempted to obtain an adjournment in advance, or any other extenuating circumstances. Plaintiff also did not explain why it had waited seven months to move to vacate its default. In any event, plaintiff has not demonstrated that it has a meritorious cause of action. 
Accordingly, the order entered April 3, 2014 is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.


ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 06, 2018