NYCTL 2015-A Trust v Diffo Props. Corp. (2019 NY Slip Op 02823)





NYCTL 2015-A Trust v Diffo Props. Corp.


2019 NY Slip Op 02823


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


8992 25211/16E

[*1]NYCTL 2015-A Trust, et al., Plaintiffs-Respondents,
v
Diffo Properties Corp., Defendant-Appellant, The State of New York-Department of Taxation and Finance, et al., Defendants.


Joseph A. Altman P.C., Bronx (Joseph A. Altman of cousnel), for appellant.
Law Offices of David P. Stich, New York (Stephanie L. Stich of counsel), for respondents.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 24, 2018, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate the judgment of foreclosure and sale against it, unanimously affirmed, without costs.
CPLR 317 is inapplicable here because this is an action to foreclose on a tax lien (see Administrative Code of the City of NY § 11-340).
Under CPLR 5015, "[t]o obtain relief from the default judgment entered against it, defendant was required to demonstrate both a reasonable excuse for the default and a meritorious defense to the action" (Facsimile Communications Indus., Inc. v NYU Hosp. Ctr., 28 AD3d 391, 391 [1st Dept 2006]). Defendant failed to demonstrate a reasonable excuse for its default. Defendant's alleged excuse for the default, that it did not receive service of process in time to defend the action, is unreasonable as the only reason it did not receive service of process was because it failed to keep a current address on file with the Secretary of State for five years (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., Inc., 67 NY2d 138, 143 [1986]; Crespo v A.D.A. Mgt., 292 AD2d 5, 9-10 [1st Dept 2002]).
Defendant also failed to demonstrate a meritorious defense to the action. Nothing in defendant's proposed answer or the affidavit of its principal amounts to anything more than "conclusory allegations or vague assertions'" (id.). Contrary to defendant's contention, a willingness to pay the tax lien a month after the property was sold is not a defense to a foreclosure action, as it was, at best, a postjudgment offer to settle the case. Likewise, with respect to the alleged "unconscionability" of the sales price, defendant did not submit evidence that the sales price was below market value or that the sales conditions were not aimed at obtaining market value (see People ex rel. Gale v Tax Commn. of City of N.Y., 17 AD2d 225, 227 [1st Dept 1962], affd 12 NY2d 646 [1963]). Thus, the motion court properly denied defendant's motion to vacate the judgment against it.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK