SS Medical Care, P.C., as Assignee of Suero Carmen, Appellant, 
against
21st Century Insurance Company, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Argyria A.N. Kehagias of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered November 30, 2016. The order granted the branches of a motion by defendant seeking (1) to vacate a judgment of that court entered October 6, 2011 pursuant to an August 11, 2011 order of that court (Johnny Lee Baynes, J.) granting plaintiff's unopposed motion for summary judgment; (2) to, in effect, vacate the August 11, 2011 order; and (3) to dismiss the complaint.




ORDERED that the order entered November 30, 2016 is modified by providing that the branches of defendant's motion seeking to, in effect, vacate the August 11, 2011 order and to dismiss the complaint are denied; as so modified, the order is affirmed, without costs. 
Plaintiff SS Medical Care, P.C. (SS Medical) commenced this action to recover assigned first-party no-fault benefits for medical services it had provided as a result of a motor vehicle accident which had occurred on December 7, 2009. After issue had been joined, SS Medical moved for summary judgment, and defendant 21st Century Insurance Company (21st Century) failed to submit any opposition. By order entered August 11, 2011, the Civil Court (Johnny Lee Baynes, J.) granted the motion, finding that SS Medical had established its entitlement to judgment. The Civil Court, noting in its August 11, 2011 order that defendant had represented that it was filing a declaratory judgment action in the Supreme Court, stated that, "if [defendant] fails to receive a stay [from the Supreme Court] within 60 days of this order, the [plaintiff] is directed to enter judgment ex parte." A judgment was entered in the Civil Court on October 6, 2011, before the expiration of the 60-day period.
After the August 11, 2011 order had been entered, 21st Century commenced a declaratory judgment action in the Supreme Court, Nassau County, against SS Medical and its assignor herein, among other parties, pertaining to the December 7, 2009 accident, as well as other accidents that had occurred between June 2009 and March 2010, involving other named assignors. On December 19, 2011, the Supreme Court granted 21st Century's motion, pursuant to CPLR 2201 and 6301, to "temporarily stay[]" pending and future lawsuits against 21st Century pertaining to, insofar as is relevant, the health care services, assignor and insurance policy at issue. In an order entered May 29, 2012, the Supreme Court directed that the stay would continue during the pendency of the Supreme Court action. By order entered May 6, 2015, the Supreme Court granted a motion by 21st Century for summary judgment in the declaratory judgment action, finding that the insurer had established that the collision at issue was intentional and, thus, not covered by the policy in question, and that the provider, i.e., plaintiff herein, had failed to raise a triable issue of fact. 
Thereafter, 21st Century moved, in the Civil Court, to, among other things, vacate the judgment in favor of SS Medical entered October 6, 2011 pursuant to the August 11, 2011 order and, in effect, that order, and to dismiss the complaint on the basis of the May 6, 2015 order in the Supreme Court declaratory judgment action. In support of the motion, 21st Century asserted, as its excuse for failing to oppose SS Medical's motion in the Civil Court for summary judgment, that it had been in the process of filing the declaratory judgment action in the Supreme Court. SS Medical opposed the motion and appeals from an order of the Civil Court (Robin S. Garson, J.) entered November 30, 2016 which granted the above-stated branches of defendant's motion.
The judgment that was entered in favor of plaintiff in the Civil Court was in violation of the August 11, 2011 order, which provided that plaintiff could enter judgment after the expiration of 60 days from the Civil Court order if defendant had failed to obtain a stay from the Supreme Court. In is undisputed that plaintiff entered judgment before the expiration of the 60 days. Consequently, the judgment must be vacated. 
However, to vacate so much of the August 11, 2011 order of the Civil Court as awarded plaintiff summary judgment on default, defendant was required to establish, among other things, a reasonable excuse for its default in opposing plaintiff's motion for summary judgment (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). The excuse proffered by defendant's attorney was merely a conclusory statement that defendant had been in the process of filing the declaratory judgment action in the Supreme Court, which, in any event, does not constitute a reasonable excuse for failing to submit opposition to plaintiff's motion (see SS Med. Care, P.C. v 21st Century Ins. Co., 64 Misc 3d 142[A], 2019 NY Slip Op 51268[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). As defendant failed to demonstrate an excusable default, it is unnecessary for this court to consider whether defendant demonstrated the existence of a potentially meritorious opposition to plaintiff's motion for summary judgment (see Wells Fargo Bank, N.A. v Syed, 160 AD3d 914 [2018]). In view of the foregoing, we reach no other arguments asserted by the parties.
Accordingly, the order entered November 30, 2016 is modified by providing that that the branches of defendant's motion seeking, in effect, to vacate the August 11, 2011 order and to dismiss the complaint are denied. 
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019