Portfolio Recovery Associates, LLC, as Proxy of GE Money Bank, Respondent,
against
Abdelnaser Nofal, Also Known as Abdelnasset Nofal, Appellant. 




Abdelnaser Nofal, a/k/a Abdelnasset Nofal, appellant pro se.
Forster & Garbus, LLP, for respondent (no brief filed).

Appeal from an order of the City Court of Yonkers, Westchester County (Thomas Quinones, J.), entered July 24, 2018. The order denied defendant's motion to, in effect, (1) vacate an order of that court entered June 22, 2018 denying, upon defendant's default in appearing for a traverse hearing, defendant's prior motion to vacate a default judgment of that court entered March 29, 2011 upon defendant's failure to appear or answer the complaint and (2), upon vacatur of the June 22, 2018 order, to grant his prior motion to vacate the default judgment.




ORDERED that the order entered July 24, 2018 is reversed, without costs, the branch of defendant's motion seeking to, in effect, vacate the order entered June 22, 2018 is granted, and the matter is remitted to the City Court for a new determination, following a traverse hearing, of the branch of defendant's motion seeking to grant his prior motion to vacate the default judgment.
In this action for a breach of a credit card agreement, a default judgment was entered on March 29, 2011 upon defendant's failure to appear or answer the complaint. The affidavit of service indicates that defendant was served by service upon a person of suitable age and discretion (see CCA 403; CPLR 308 [2]). By order entered May 25, 2018, the court granted a motion by defendant to vacate the default judgment to the extent of setting the matter down for a [*2]traverse hearing, which hearing was scheduled for June 18, 2018. By order entered June 22, 2018, the City Court denied defendant's pending motion to vacate the default judgment, stating only that defendant had failed to appear for the traverse hearing and that plaintiff had been prepared to go forward. Defendant appeals from an order of the City Court entered July 24, 2018 denying defendant's subsequent motion to, in effect, vacate the June 22, 2018 order and, upon such vacatur, to grant his prior motion.
The branch of defendant's motion seeking to, in effect, vacate the June 22, 2018 order should have been granted since he demonstrated a reasonable excuse for his failure to appear for the traverse hearing—he incorrectly calendared the June 18th hearing as July 18th—and a meritorious defense to the action—lack of personal jurisdiction, which the City Court had already determined entitled him to a traverse hearing (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]). We remit the matter to the City Court to conduct the traverse hearing that was originally ordered by that court and to determine the branch of defendant's pending motion seeking to vacate the default judgment, following the hearing. 
Accordingly, the order entered July 24, 2018 is reversed, the branch of defendant's motion seeking to, in effect, vacate the order entered June 22, 2018 is granted, and the matter is remitted to the City Court for a new determination, following a traverse hearing, of the branch of defendant's motion seeking to grant his prior motion to vacate the default judgment. 
RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 16, 2020