Physiodynamics, LLC v Allstate Ins. Co. (2021 NY Slip Op 50178(U))

[*1]

Physiodynamics, LLC v Allstate Ins. Co.

2021 NY Slip Op 50178(U) [70 Misc 3d 143(A)]

Decided on March 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1191 K C

Physiodynamics, LLC, as Assignee of
Robert Utnick, Appellant, 
against
Allstate Ins. Co., Respondent. 

Gary Tsirelman, P.C. (Selina Chin and David Gottlieb of counsel), for appellant.
Peter C. Merani, P.C. (Adam J. Waknine of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered July 3, 2019. The order granted defendant's motion to vacate a judgment
of that court entered October 4, 2017 upon defendant's failure to appear or answer the
complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to vacate the
default judgment is denied. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court entered July 3, 2019, which granted defendant's motion to vacate
a judgment entered October 4, 2017 upon defendant's failure to appear or answer the
complaint.
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must
demonstrate both a reasonable excuse for the default and the existence of a meritorious defense
(see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Star Indus., Inc. v Innovative Beverages,
Inc., 55 AD3d 903, 904 [2008]). As plaintiff argues, defendant did not sufficiently
allege its purported reasonable excuse of law office failure (see Premier Surgical Servs., P.C. v Allstate Ins. Co., 58 Misc 3d
160[A], 2018 NY Slip Op 50273[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Consequently, defendant's motion should have been denied.
Accordingly, the order is reversed and defendant's motion to vacate the default judgment is
denied.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 5, 2021