Tunell v Maynard (2022 NY Slip Op 05779)

Tunell v Maynard

2022 NY Slip Op 05779

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Index No. 805333/15 Appeal No. 16417 Case No. 2021-03302 

[*1]Dorian Tunell et al., Plaintiffs-Appellants,
v
Michael J. Maynard, M.D., et al., Defendants-Respondents.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellants.
Mauro Lilling Naparty LLP, New York (Richard J. Montes of counsel), for respondents.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 10, 2021, which denied plaintiffs' CPLR 5015(a)(1) motion to vacate the judgment, same court and Justice, entered August 4, 2020, dismissing the action, unanimously affirmed, without costs.
This medical malpractice action, commenced in 2015, was dismissed on the day jury selection was scheduled, based on plaintiffs' default, namely their failure to retain an expert witness for trial (see 22 NYCRR 202.27; e.g. Geffner v Mercy Med. Ctr., 167 AD3d 571, 573 [2d Dept 2018]; see generally Rivera v Jothianandan, 100 AD3d 542, 542 [1st Dept 2012], lv denied 21 NY3d 861 [2013]). Supreme Court providently exercised its discretion when it determined that plaintiffs did not demonstrate a reasonable excuse for their failure to proceed with trial on the scheduled date. The affirmation of plaintiffs' counsel established that despite efforts made prior to the trial date, he was not able to identify and retain an expert who would support plaintiffs' case (see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142 [1986]; Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [1st Dept 2011]; Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]). Plaintiffs' claim of law office failure is not persuasive as there is no indication that their counsel's efforts to retain a trial expert were inadequate. Although strong public policy supports resolving cases on the merits, here, plaintiffs had more than enough time to secure an expert witness for trial. Thus, plaintiffs' position that an adjournment or striking the case from the trial calendar would have been more appropriate under these circumstances is not persuasive. Since we agree with Supreme Court that plaintiffs did not demonstrate a reasonable excuse, we need not consider whether they demonstrated a meritorious claim (see Eugene Di Lorenzo, Inc., 67 NY2d at 142).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022