Dosiak v Javino (2022 NY Slip Op 51371(U))

[*1]

Dosiak v Javino

2022 NY Slip Op 51371(U) [77 Misc 3d 139(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2022-422 S C

Bennett Dosiak, Respondent,
against
Dale Robert Javino, Appellant. 

Dale Robert Javino, appellant pro se.
Victor A. Carr & Associates, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Sixth District (James
F. Matthews, J.), dated April 6, 2022. The order denied respondent's motion to vacate a
default final judgment of that court entered March 17, 2022 upon respondent's failure to
appear at a scheduled hearing in a commercial nonpayment summary proceeding.

ORDERED that the order is reversed, without costs, and respondent's motion to
vacate the default final judgment is granted.
In this commercial nonpayment proceeding, respondent appeals from an order of the
District Court dated April 6, 2022, which denied his motion to vacate a default final
judgment of that court entered March 17, 2022 upon his failure to appear at a scheduled
hearing. The final judgment awarded petitioner possession and the sum of $25,500.
Upon a review of the record, we find that respondent established both elements
required to prevail on his motion to vacate the final judgment based on excusable default:
an reasonable excuse for his default and a potentially meritorious defense to the
proceeding (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton
Lbr. Co., 67 NY2d 138, 141 [1986]; Biffer v Alt Floor & Wall Covering, LLC, 65 Misc 3d
151[A], 2019 NY Slip Op 51878[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019]).
Accordingly, the order is reversed and respondent's motion to vacate the default final
[*2]judgment is granted.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022