NYCTL 1998-2 Trust v Bronx County Pub. Admr. (2023 NY Slip Op 01065)

NYCTL 1998-2 Trust v Bronx County Pub. Admr.

2023 NY Slip Op 01065

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Kern, J.P., Oing, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 300547/12E Appeal No. 17416 Case No. 2022-04164 

[*1]NYCTL 1998-2 Trust et al., Plaintiffs,
v
Bronx County Public Administrator as Administrator of the Estate of Lucille Hercules Barrow et al., Defendants, Danny Z LLC Sued Herein as John Doe No. 1, Defendant-Appellant, Office of the Comptroller of the State of New York, Nonparty-Respondent.

Charles R. Cuneo, P.C., Huntington (Charles R. Cuneo of counsel), for appellant.
Letitia James, Attorney General, New York (Sarah Coco of counsel), for respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered April 22, 2022, which, to the extent appealed from, granted nonparty Office of the Comptroller of the State of New York's (the Comptroller) motion to vacate the orders dated April 15, 2021, June 15, 2021, and February 15, 2022 directing the disbursement of surplus funds from the tax lien foreclosure sale of the subject property to defendant Danny Z LLC, unanimously affirmed, without costs.
Although a nonparty to the proceeding, the Comptroller had standing to bring the motion to vacate because, as the custodian of the surplus funds for the benefit of the rightful owners (see Friar v Vanguard Holding Corp. , 125 AD2d 444, 446 [2d Dept 1986]), it had a legitimate interest in challenging any improper disbursement of the funds (see CPLR 5015[a]; Oppenheimer v Westcott , 47 NY2d 595, 602 [1979]).
Supreme Court providently exercised its discretion in granting the motion, as the Comptroller demonstrated an "excusable default" (CPLR 5015[a][1]) and, in any event, the circumstances warranted vacatur in the "interests of substantial justice" (Woodson v Mendon Leasing Corp. , 100 NY2d 62, 68 [2003]). The Comptroller had no opportunity to oppose Danny Z's claim to the funds, since it was not given the requisite notice of the claim prior to its adjudication on the merits (see Abandoned Property Law § 1406[2][a]), and the court failed to consider the papers it filed in opposition to Danny Z's notice of settlement in issuing the February 22, 2022 amended order. Furthermore, the Comptroller raised a potentially meritorious defense to Danny Z's claimed entitlement to the funds by submitting evidence demonstrating that the decedent may have surviving heirs with a rightful claim to the funds (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co. , 67 NY2d 138, 141 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023