Gleizer v Gleizer (2023 NY Slip Op 02648)

Gleizer v Gleizer

2023 NY Slip Op 02648

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-10065
 (Index No. 18626/11)

[*1]Irina Gleizer, plaintiff-respondent, 
v
Rudolf Gleizer, defendant-respondent, et al., defendants; Estate of Michael Gleizer, nonparty-appellant.

Siegel & Siegel, P.C., New York, NY (Michael D. Siegel of counsel), for nonparty-appellant.
Karasik Law Group, P.C., Brooklyn, NY (Alexander Karasik of counsel), for plaintiff-respondent.
Yonatan S. Levoritz, New York, NY, for defendant-respondent.

DECISION & ORDER
In an action, inter alia, to set aside an allegedly fraudulent conveyance of stock in a corporation, nonparty Estate of Michael Gleizer appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 8, 2019. The order denied the motion of nonparty Estate of Michael Gleizer pursuant to CPLR 5015(a)(1) to vacate so much of a judgment of the same court dated October 10, 2012, as, upon the failure of the defendant Michael Gleizer to appear or answer the complaint, was against that defendant.
ORDERED that the order is affirmed, with one bill of costs.
In August 2011, the plaintiff commenced this action against, among others, the defendant Rudolf Gleizer, the plaintiff's husband, and the defendant Michael Gleizer (hereinafter the decedent), inter alia, to set aside as fraudulent a 2007 stock transfer agreement between Rudolf Gleizer and the decedent. According to the plaintiff, the stock transfer agreement, among other things, purported to transfer all of Rudolf Gleizer's interest in a corporation that owned certain commercial real property in Brooklyn to the decedent. The plaintiff alleged that the stock transfer agreement was fraudulent on the ground that Rudolf Gleizer lacked capacity to enter into the agreement at the time of the conveyance. The decedent, who was still living at the time, failed to timely appear in the action or answer the complaint, and the Supreme Court issued a judgment dated October 10, 2012, upon the decedent's default, which, inter alia, set aside the stock transfer agreement as fraudulent and deemed the stock transfer agreement null and void ab initio. In 2016, the decedent died. Thereafter, nonparty Estate of Michael Gleizer (hereinafter the Estate) moved pursuant to CPLR 5015(a)(1) to vacate so much of the judgment as was against the decedent. In an order dated July 8, 2019, the court denied the motion. The Estate appeals.
The Estate failed to establish its entitlement to vacatur of so much of the judgment [*2]as was against the decedent. A party seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; HSBC Bank USA, N.A. v Eliyahu, 170 AD3d 1130, 1131). Here, the Estate set forth no excuse whatsoever for the decedent's default in answering the complaint. As the Estate failed to demonstrate a reasonable excuse for the default, it is unnecessary to determine whether the Estate demonstrated the existence of a potentially meritorious defense (see HSBC Bank USA, N.A. v Eliyahu, 170 AD3d at 1132).
The Estate's remaining contentions are either not properly before this Court or without merit.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.

2019-10065 DECISION & ORDER ON MOTION
Irina Gleizer, plaintiff-respondent, v Rudolf Gleizer,
defendant-respondent, et al., defendants; Estate of
Michael Gleizer, nonparty-appellant.
(Index No. 18626/11)

Appeal from an order of the Supreme Court, Kings County, dated July 8, 2019. Motion by the plaintiff-respondent to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated March 25, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court