| |
|---|
| **Levien v Mancorp Realty Co. L.L.C.** |
| 2026 NY Slip Op 30947(U) |
| March 10, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 652438/2024 |
| Judge: James d'Auguste |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     Hon. James E. d'Auguste          PART 55

                                    *Justice*

-----------------------------------------------------------------------X

LOUISE LEVIEN, NANCY GOODMAN,

                              Plaintiffs,

                    - V -

MANCORP REALTY CO. L.L.C.,

                              Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652438/2024 |
| MOTION DATE | 08/28/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Defendant Mancorp Realty Co. LLC ("Mancorp") seeks an order vacating a default judgment and, thereupon, dismissal of the complaint in this action for failure to state a cause of action. The motion is granted to the extent of vacating the default judgment entered against Mancorp, and providing defendant 30 days, after service of a copy of this order with notice of entry, to file an answer. Plaintiffs Louise Levien and Nancy Goodman cross-move for sanctions. The cross motion is denied.

This action alleges the violation of a commission agreement, dated June 12, 1998 ("Commission Agreement"), between Mancorp, as landlord, and Henry Levien Real Estate, Inc. ("Henry Levien"), as broker, relating to the leasing of property to a tenant, the Coca-Cola Bottling Company of New York. As relevant to this action, the Commission Agreement also provided additional compensation should the building be sold. Mancorp asserts that the Commission Agreement is unenforceable because it was signed by Lois Levien (NYSCEF Doc.

No. 31), who was not a licensed real estate broker. However, plaintiffs dispute the unenforceability of the Commission Agreement. Plaintiffs assert that the individual who serviced the transaction was John Reinertsen, who is a licensed real estate broker. In this regard, plaintiffs point to a letter to Mancorp that Reinertsen signed stating: "As per our commission agreement of June 12, 1998, the following is our bill for brokerage services rendered...." NYSCEF Doc. No. 71. These facts are analyzed in the context of the two branches of defendant's motion seeking to vacate the default judgment and dismiss this action.

Addressing the application to vacate the default judgment, the Court concludes that Mancorp is entitled to relief under CPLR 317. To be entitled to relief under CPLR 317, a defendant must show that it did not personally receive notice of the existence of the lawsuit in time to defend the action, and moved to vacate its default within one year after receiving knowledge of the default judgment. *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co. Inc.*, 67 N.Y.2d 138, 142 [1986]. In terms of knowledge, service on the Secretary of State (while proper service) does not itself confer knowledge of the existence of a lawsuit. *Bokum v BUFNY II Assoc., L.P.*, 238 A.D.3d 559, 560 (1st Dept. 2025). Here, Mancorp learned of the existence of this lawsuit when its principals were served with process related to a separate lawsuit commenced in 2025.

Additionally, the Court finds that Mancorp is entitled to relief under CPLR 5015. In an application for relief under CPLR 5015, a defendant is required to demonstrate both a reasonable excuse for its default and a potentially meritorious defense to the litigation. *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co. Inc.*, 67 N.Y.2d 138, 141 [1986]. Here, Mancorp has a reasonable excuse for its default. Plaintiff served process upon the Secretary of State, which mailed the commencement papers to an outdated address. Mancorp did not update the address on file with

652438/2024  LEVIEN, LOUISE ET AL vs. MANCORP REALTY CO. L.L.C.
Motion No. 002

Page 2 of 4

[* 2]

the Secretary of State because it was effectively defunct after the property it owned was sold. Notably, the principals of Mancorp apparently became aware of this action when they were served with process relating to an entirely different action. Furthermore, Mancorp has a potentially meritorious defense to this action. As Mancorp notes, the Commission Agreement was signed by an individual who was not a licensed real estate broker, which raises potential infirmity in the enforceability of that contract. While plaintiffs assert that Lois Levien was not the broker, her signing of the Commission Agreement is sufficient participation to create a potentially valid defense to this lawsuit. Additionally, plaintiffs have not demonstrated prejudice resulting from the instant default, and New York has a strong public policy in favor of deciding cases on their merits. *Allstate Insurance Company v. North Shore University Hospital*, 163 A.D.3d 745, 746 (2d Dept. 2018). Accordingly, that branch of the motion seeking to vacate the default judgment entered against Mancorp is granted.

However, Mancorp has not demonstrated an entitlement to dismissal of the complaint pursuant to CPLR 3211(a)(7). The factual allegations contained in the complaint adequately state a cause of action for breach of contract. Notably, Mancorp did not seek relief under CPLR 3211(a)(1). Even if it did, Mancorp would not have been granted dismissal at this juncture based solely upon Lois Levien signing the Commission Agreement, as further factual development is required to understand her actual role in the underlying transaction. For instance, plaintiffs submitted letters showing that Reinertsen played an important role in the transaction. Moreover, Reinertsen asserts in an affirmation that "Lois Levin did not render any real estate brokerage services to Landlord (or anyone else)." However, plaintiffs did not submit any documentation showing the actual distribution of the initial lease commission payments in 1998 of $175,000. Additionally, plaintiffs claimed standing to recover payments purportedly owed to a long-defunct

652438/2024 LEVIEN, LOUISE ET AL vs. MANCORP REALTY CO. L.L.C.
Page 3 of 4
Motion No. 002

3 of 4

[* 3]

corporation will also require careful examination. In the end, multiple salient issues remain to be resolved in this action that are incapable of being resolved at this juncture. Accordingly, Mancorp is not entitled to dismissal of the complaint.

Finally, plaintiffs' cross-motion seeking the imposition of sanctions is denied. While Mancorp is not being granted dismissal of the complaint at this juncture of the litigation, it is granted vacatur of the default judgment. As such, it cannot be said Mancorp has engaged in frivolous conduct.

This constitutes the decision and order of this Court.

3/10/2026
DATE

James d'Auguste, J.S.C.

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

652438/2024 LEVIEN, LOUISE ET AL vs. MANCORP REALTY CO. L.L.C.
Motion No. 002

Page 4 of 4